30129. WATSON *v.* TIFTON TRADING COMPANY *et al.*

Decided December 4, 1943. Rehearing denied December 17, 1943.

*Briggs Carson Jr.,* for defendant.

Stephens, P. J. Perry Watson, as dependent of his son, William H. Watson, filed with the Industrial Board a claim for compensation against Tifton Trading Company, J. M. Smith, and Southern Auto Company, by reason of the death of William H. Watson, alleged to have been caused by an accident arising out of

and in the course of his employment by the defendants. The director·found that the evidence did not authorize a finding that William ·H. Watson was an employee of the ·defendants at the time of the injury which caused his death, and denied compensation. On appeal to the superior court the award was affirmed. The claimant excepted.

It appeared from the evidence that William H. Watson was killed in the State of Virginia, on June 19, 1941, by the overturning of a truck of Tifton Trading Company, on which he was riding; that the truck was being driven by L. T. Wilder Jr., who was killed at the same time; that Wilder was employed by .Tifton Trading Company in the operation of the truck, and was transporting a truckload of cantaloupes from Tifton, Georgia, to Philadelphia, Pennsylvania, for the defendants. It is insisted by the claimant that William H. Watson, at the time of the accident, was an employee ᵥf the defendants as a helper to Wilder in the operation of the truck. It appears from the testimony..of J. M. Smith, who it appears, was president of Tifton Trading Company, and who, was also ·connected with Southern ·Auto ·Company, that he knew that Wilder had a helper, and paid the helper out of Wilder's expense money; that he did not know the deceased, and had never. talked with him; that he did not know who was on that particular truck at the time of the accident; that he had never paid. any helpers; that Tifton Trading Company never .paid for helpers..to assist in these trips; that the nature of the work did not require helpers; that this expense money was to cover hotel bills or meals, "but that they did not need ₐa helper;" that on this particular trip the truck was loaded with cantaloupes, and was loaded by help furnished: by..the people "they bought them from;" that the purchaser had the responsibility of unloading the cantaloupes; that the driver was only charged with the duty of driving· the truck ·from ·the point where the cantaloupes were to be picked up to the point where they were to be delivered, and returning with the truck; that the driver was paid $15 to $20 per week salary and $15 per trip for expenses. It was agreed, on the hearing, by counsel ·for both sides, with the approval of the director, that the evidence in the claim which had been filed by Mrs. L. T. Wilder against these same defendants for compensation for Wilder's death might be used on the hearing of the present case. This evidence was admitted. It appears: there-

from that J. M. Smith, the president of Tifton Trading Company, testified that on learning of the death of L. T. Wilder he went to the place of the accident in Virginia; that Wilder was accompanied by a young man named Watson who was also killed; that Tifton Trading Company was operating four trucks at the time, with one driver on each truck, with authority in the driver to employ a helper, and that Wilder had hired Watson as a helper at the time; that as a general rule the drivers went by themselves, but occasionally picked up somebody to go with them, and "would pay for it, and would put this on their expense account, and that Mr. Wilder turned in his pay for help with his expense account showing how much he had spent for extra help on the trip, and Tifton Trading Company would pay it."

The director was authorized to find from the testimony of Smith, the president of Tifton Trading Company, that at the time of the accident Watson was not an employee of Tifton Trading Company. Anything in the testimony of Smith taken in the Wilder case, and by consent admitted in evidence on the hearing in the present case which might indicate that at the time of the accident Watson was an employee of Tifton Trading Company, amounts to no more than an extrajudicial admission, and is not binding as a matter of law. The truth of extrajudicial admissions is a matter for the jury.

Since on the hearing it was denied by the defendants that at the time of the accident in which Watson received his injury, Tifton Trading Company had in its employ ten men or more, and since it does not affirmatively appear that at the time of the accident Tifton Trading Company had regularly in its employ ten men or more, the evidence does not authorize the finding that the parties came within the compensation act.

The superior court did not err in affirming the award of the director denying compensation.

*Judgment affirmed. Sutton and Felton, JJ., concur.*