## WM. M. & O. H. BRINSON *vs.* HADDEN.

Where a bill was filed, alleging that the complainant was the owner of a certain stallion of the value of $500; that she entered into a contract with the defendants, who were livery-stablemen, whereby they agreed to take the stallion and stand him, without expense to her; that they collected the proceeds from the service of the stallion, amounting to six or seven hundred dollars, and failed to account to her for any part thereof; that she also placed with them, as liverymen, one black mare of the value of $140, and a phaeton of the value of $200; that they claimed that she was indebted to them about $250 for bills for feeding the horses, and were advertising the property for sale, and declaring their intention to

sell it for their claim; and therefore she prayed for injunction and the appointment of a receiver,—while the case was rather weak for the appointment of a receiver, yet as the proceeding under the bill will finally wind up all matters of controversy between the parties, and will probably prevent a multiplicity of suits, and as the chancellor required the complainant to give bond to pay the defendants any amount which they might recover against her on account of any claim due them for the feeding of the horses, this court will not interfere with his judgment appointing a receiver and granting an injunction.

February 26, 1887.

Injunction.   Receivers.   Equity.   Before Judge HINES. Scriven County.   At Chambers, January 19, 1887.

Reported in the decision.

R. O. LOVETT, by brief, for plaintiffs in error.

DELL & WADE, by HARRISON & PEEPLES, for defendant.

BLANDFORD, Justice.

Clarissa Hadden exhibited her bill against Wm. M. & O. H. Brinson, in which she alleged that she was the owner of a certain stallion named Alpha; that she entered into a contract with the Brinsons, who were livery-stablemen, wherein they agreed to take the stallion and stand him, without any expense to her, and to divide the proceeds which the stallion made between them equally; that she also put to livery with them one black mare-horse and a one-horse phaeton; that the black mare was worth $140, the phaeton $200, and the stallion $500; that the Brinsons collected the proceeds from the services of the stallion, and the same were worth six or seven hundred dollars; that the Brinsons now claim that she is indebted to them some $250 for bills for the feeding of the horses, and they were advertising said property for sale and declaring their intention to sell the same for their claim as livery-stablemen.   She prayed an injunction against the sale of this property, and also for the appointment of a receiver.

The bill was answered by the Brinsons, who denied nearly all the allegations in the same. Affidavits were submitted to the chancellor on the hearing for injunction and receiver by both parties. The receiver was appointed by the chancellor; and an injunction granted, upon conditon that complainant in the bill give a bond with good security, in the sum of $1,000, conditioned to pay the Brinsons any recovery which they might have against the plaintiff for and on account of any claim due them for the feed of the horses. The Brinsons excepted to this order granting the injunction and appointing the receiver, and this is assigned as error.

While we think that the case was rather weak for the appointment of a receiver, yet as the proceedings by bill in this case will finally wind up all matters of controversy between the parties, and will probably prevent a multiplicity of suits, and inasmuch as the chancellor required bond of the plaintiff to indemnify the defendants, we will not disturb his order appointing the receiver and granting the injunction.

Judgment affirmed.