## 15455.   MARYLAND CASUALTY COMPANY *et al. v.*
## ENGLAND.

STEPHENS, J.   1. The last day numerically for presenting the bill of exceptions in this case for certification having fallen on Sunday, the presentation of the bill of exceptions to the trial judge for certification upon the next day, Monday, was not too late.   Civil Code (1910), § 4 (8).   The motion to dismiss the writ of error is therefore denied.

2. Where, in a claim for compensation under the workmen's compensation act (Ga. L. 1920, p. 167) before the industrial commission, the claimant alleges that her husband died from the effects of inhaling poisonous gases caused by the explosion of dynamite in the mines in which the deceased was employed, and where there is evidence to the effect that the deceased did not show symptoms of such poison until three or four days after he had been exposed to such gases in the mines, that the mines were well ventilated, that the effect upon a person inhaling poisonous gases is "usually pretty quick," and that a person who has inhaled a quantity of such gases sufficient to cause death is affected thereby within twenty-four hours, the order or decree of the commission denying compensation upon the ground that the death of the deceased was not caused by an injury arising out of the course of his employment, is authorized.

3. Where, in addition to the ground set out in paragraph 2 above, the order or decree denying compensation is based also upon the claimant's having failed to give to the employer notice of the injury within thirty days of the death of the deceased, as is required under section 23 of the workmen's compensation act, supra, and where it appears that the commission's finding, as set out in paragraph 2 above, was not influenced by its finding that there was a lack of the required notice, the order or decree denying compensation will nevertheless be sustained on review, where the finding of the commission upon the first ground is not erroneous, irrespective of any error affecting the finding that there was a lack of notice.

4. The order of the commission denying compensation being authorized under the evidence, and it appearing that no error of law affecting it has been committed, and the rule with reference to affirming the first grant of a new trial where the verdict and judgment rendered were not, as a matter of law, demanded, not being applicable to a judgment of the superior court setting aside an award of the industrial commission, the judgment in this case setting aside the award and remanding the case to the commission for a new hearing and adjudication was error.   See answer to certified question propounded to the Supreme Court in this case.   160 *Ga.* 810 (129 S. E. 75).

*Judgment reversed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 9, 1925.

Appeal; from Murray superior court—Judge Tarver.   February 11, 1924.

*George G. Glenn, John C. Mitchell,* for plaintiffs in error.

*William E. & W. Gordon Mann,* contra.