## 18762. JAMES v. FITE.

DECIDED NOVEMBER 16, 1928.

*Pierce Brothers, Lon Lamar Fleming,* for plaintiff.
*Fleming & Fleming,* for defendant.

JENKINS, P. J. 1. Under the provisions of section 23 of the workmen's compensation act as amended (Ga. L. 1920, pp. 167, 180; Ga. L. 1923, pp. 92, 93), no compensation is payable on account of an injury unless notice of the accident is given to the employer, his agent, representative, foreman, or the immediate superior of the injured employee, either in writing or orally, within thirty days after the accident, or unless it can be shown that the employee had by reason of physical or mental incapacity, or by fraud or deceit, been prevented from doing so, or that the employer, his agent, representative, foreman, or the immediate superior of the injured employee had knowledge of the accident, or unless a reasonable excuse is made, to the satisfaction of the commission, for not

giving such notice, and it is reasonably proved, to the satisfaction of the commission, that the employer had not been prejudiced thereby.

2. Whether or not the failure to give such notice comes within one of the exceptions set forth by the statute, so as to prevent such failure from operating as a bar to an award of compensation, is a question of fact, to be determined by the industrial commission, and its finding upon such question of fact, if supported by the evidence, is, in the absence of fraud, conclusive. *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810, 812 (129 S. E. 75).

3. In the instant case it appears, without dispute, that notice of the accident to the claimant, on account of which he sought compensation, was not given to the employer until nearly three months after the occurrence; there is no evidence tending to show that the employer, or his agent, representative, foreman, or the immediate superior of the claimant, had actual knowledge of the accident; and it is not shown that any sort of notice was given to the employer, or his agent, representative, foreman, or the immediate superior of the employee, until the written notice was served upon the employer about ninety days after the accident. There is some evidence from which the industrial commission might have found that during at least a portion of the time elapsing between the date of the injury and the notice to the employer, the claimant might have been prevented from giving the notice by reason of physical or mental incapacity, but the evidence does not demand such a finding. Accordingly, since the finding of fact of the industrial commission is supported by some evidence, this court can not disturb its order denying compensation to the claimant upon the ground that his claim is barred by reason of his failure to give the notice required by the statute.

*Judgment affirmed. Stephens and Bell, JJ., concur.*