SHINGLER *v.* SHINGLER *et al.*

No. 11853.   September 14, 1937.

*P. D. Rich,* for plaintiff in error.

*R. L. Cox, R. E. Wheeler,* and *A. B. Conger,* contra.

Jenkins, Justice.   Heirs at law of an intestate brought against another heir an equitable petition alleging that he was appointed by all the heirs as their agent to manage the affairs of a corporation, practically all of the stock of which was owned by the decedent and constituted his entire estate.   It is apparent from the petition that no administrator had been appointed, but that, in deference to the informally expressed wishes of the intestate, the agent was named to manage the assets of the corporation for two years, and then liquidate and distribute them according to the law of descent.   Fraud, mismanagement, and in effect waste of these assets are alleged, as well as a threatened illegal distribution of remaining assets, to prevent which an injunction is prayed.   A

receiver both "of said corporation and said estate" is also asked. The general demurrer, besides attacking the petition as a whole on the ground that it alleges no legal or equitable cause of action, attacks it also on grounds of nonjoinder of parties, misjoinder of parties and causes of action, duplicity, and failure to allege insolvency of the defendant and absence of any administration. Several of these grounds are repeated as grounds of special demurrer. The order entered states: "The within demurrer coming" on to be heard, "the general demurrer is overruled." Error is assigned on this order, but there is no assignment of error or exception to a failure to pass upon the special demurrers. Counsel argue all of the grounds stated.

1. Objections to a petition on the grounds of misjoinder or nonjoinder of parties, multifariousness, duplicity, or misjoinder of causes of action, must be raised by special rather than general demurrer. *Hartsfield* v. *Tremont Baptist Church,* 163 *Ga.* 557 (3) (136 S. E. 550); *Roberts* v. *Burnett,* 164 *Ga.* 64 (7) (137 S. E. 773); *Ray* v. *Pilman,* 119 *Ga.* 678 (46 S. E. 849); *Riley* v. *Royal Arcanum,* 140 *Ga.* 178 (1, *b*) (78 S. E. 803); *Ga. R. &c. Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200). The judgment, reciting that "the within demurrer coming" on to be heard, "the general demurrer is overruled," must be construed as having passed only on grounds which were properly matter of general demurrer; and the failure of the court to pass on the special grounds, which, though embodied in the special and general demurrers, were properly matters for special demurrer only, can not be accounted error in the absence of any exception to the failure to pass on such special grounds.

2. "A general demurrer to a petition will not be sustained if the facts entitle the plaintiff to any of the substantial relief prayed." *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (4) (151 S. E. 5), and cit.; *Johnson* v. *Key,* 173 *Ga.* 586 (3) (160 S. E. 794); *Davis* v. *Garden Hills Co.,* 172 *Ga.* 311 (157 S. E. 472), and cit.; *Terry* v. *Chandler,* 172 *Ga.* 715 (158 S. E. 572); *Bazemore* v. *Savannah Hospital,* 171 *Ga.* 257 (155 S. E. 194).

3. "One person may own all the stock of a corporation, and still such individual shareholder and the corporation would, in law, be two separate and distinct persons." *Waycross Air-Line R. Co.* v. *Offerman R. Co.,* 109 *Ga.* 827, 828 (35 S. E. 275); *New-*

*ton Mfg. Co.* v. *White,* 42 *Ga.* 148, 159. Even though, under the averments of this petition, substantially the entire stock of a corporation was owned by the intestate at his death, only such stock, and not the properties of the corporation, passed to his estate, especially where, as here alleged, the corporation owed debts. The corporation not being made a party to the petition, a receiver therefor could not be appointed; and this is true independently of the mere question of nonjoinder of parties as made by special grounds of the demurrer. See 14-A C. J. 964, 965, and cit. But since equity has concurrent jurisdiction with courts of ordinary in the administration of estates, where its interference is necessary for the full protection of the rights of parties at interest (*Morrison* v. *McFarland,* 147 *Ga.* 465, 94 S. E. 569; *Dean* v. *Central Cotton-Press Co.,* 64 *Ga.* 670, 674; *Bivins* v. *Marvin,* 96 *Ga.* 268, 270, 22 S. E. 923; Code, §§ 37-105, 37-122), and since it is a recognized rule that, "where . . the heirs-at-law get together and agree to divide the estate and appoint an agent and put him in possession of the property for that purpose, a bill may be filed against him by any one or more of the distributees, the same as against an administrator" (*Moore* v. *Gleaton,* 23 *Ga.* 142, 144; *Amis* v. *Cameron,* 55 *Ga.* 449, 451; *Gouldsmith* v. *Coleman,* 57 *Ga.* 425; *Barron* v. *Burney,* 38 *Ga.* 264, 268; *Alderman* v. *Chester,* 34 *Ga.* 152 (4), 159; *Daniel* v. *Bank of West Point,* 147 *Ga.* 695, 698, 95 S. E. 255), it can not be said that, under the allegations of fact and the prayers, the petition was devoid of equity. Under the petition, the plaintiffs were entitled to an order restraining their agent from the alleged fraudulent acts; and a receivership under direction of the court of equity would be both a legal and an appropriate method of effecting a belated administration of the estate, according to the alleged agreement of all the heirs, by taking charge of its assets, consisting of the corporate stock, to the end that a receiver, in lieu of an administrator, may under direction of the court take any needful and proper steps for the correction of any illegal acts and for the final administration of such asset.

4. Except where the special procedure provided by the Code, § 55-204, in cases involving certain timber and turpentining trespasses, it is the statutory rule that equity will not interfere to restrain a trespass, unless the injury is irreparable in damages, or

the trespasser shall be insolvent, or there exist other circumstances which, in the discretion of the court, render the interposition of the writ of injunction proper, among which is the avoidance of circuity and multiplicity of actions. Code, §§ 55-104, 37-1501 (2). Where, as here stated, the acts of the defendant in mismanaging the corporation, substantially the entire stock of which was owned by the estate, were continuous, still threatened, and directly affected the value of the stock, whether the alleged acts be deemed trespasses or waste, it was unnecessary to go further and allege that the defendant was insolvent; since equity is empowered to enjoin such acts, where, as is here made to appear, they would otherwise be likely to give rise to a multiplicity of separate suits by the individual heirs against the defendant. See, as to the grant of an injunction in such cases, without insolvency: *Florida Yellow Pine Co. v. Flint River Co.*, 140 *Ga.* 321 (3) (78 S. E. 900); *Moore v. Dougherty*, 146 *Ga.* 176 (2), 179 (91 S. E. 14); *Brigham v. Overstreet*, 128 *Ga.* 447, 451 (57 S. E. 484, 10 L. R. A. (N. S.) 452, 11 Ann. Cas. 75); *Chestatee Pyrites Co. v. Cavenders Creek Gold Mining Co.*, 118 *Ga.* 255 (2) (45 S. E. 267); *Brinson v. Hadden*, 77 *Ga.* 499 (2 S. E. 694); *Kendall v. Dow*, 46 *Ga.* 607 (2); 32 C. J. 55.

5. The court properly overruled the general demurrer.

*Judgment affirmed. All the Justices concur, except Beck, P. J., and Bell, J., absent because of illness.*