36302. FOUNTAIN *v.* GEORGIA MARBLE COMPANY *et al.*

DECIDED JANUARY 8, 1957—REHEARING DENIED
JANUARY 28, 1957.

*Smith, Field, Doremus & Ringel, Richard D. Carr,* for plaintiff in error.

*Marshall, Greene & Neely, Edgar A. Neely, Jr.,* contra.

NICHOLS, J.   The evidence presented on the hearing authorized the finding of fact found by the single director that supervisory employees of the employer knew within 30 days of the date of the claimant's alleged injury that he was absent from work because of a back injury, that an investigation was made by the employer to determine if the claimant had sustained an injury on the job which would entitle him to compensation, that in the course of the investigation the claimant was contacted, that he, the claimant, then stated that he didn't know of any recent in-

jury which he had sustained on the job, that as a result of the conversation with the claimant no further investigation was made to determine if he had sustained a compensable injury, and that, since no further notice was given to the employer until approximately 75 days after the date of the alleged injury, the notice required by Code § 114-303 was not given.

It has been held that the notice required by Code § 114-303 need only be that notice that will put the employer on notice to make an investigation if he sees fit to do so. See *Railway Express Agency* v. *Harper*, 70 *Ga. App.* 795, 796 (29 S. E. 2d 434), and *Davison-Paxon Co.* v. *Ford*, 88 *Ga. App.* 890, 891 (78 S. E. 2d 257).

Counsel for the claimant, plaintiff in error, states in his brief: "In the instant case it was found by the hearing director as a matter of fact not only that several persons in a supervisory capacity with Georgia Marble Company had knowledge of the fact, within 30 days after September 19, 1954, that the claimant herein was absent from work, which absence was due to an injury to his back but also that these supervisory employees attempted to determine through investigation whether the claimant's trouble was caused by accidental injury arising out of and in the course of his employment. These findings of fact have not been appealed by the defendants and consequently are res adjucata as to them. Indeed this court has held in decisions too numerous to cite that in the absence of fraud, findings of fact by the compensation board will not be disturbed if there is any evidence to support them. The plaintiff in error herein not only agrees that there was *some* evidence to support these findings but believes that the evidence overwhelmingly supported same."

While it is true that the evidence presented at the hearing supported the findings of fact that the employer had notice that the claimant was absent from work due to a back injury, where the employer had no notice that such injury was the result of an event which took place in the course of the claimant's employment, and where the claimant stated to the employer that he knew of no recent injury occasioned on the job this notice did not comply with Code § 114-303.

Therefore, the award of the single director denying compensa-

tion to the claimant, because the notice required by Code § 114-303 was not given, was supported by the evidence and such award was properly affirmed by the superior court.

*Judgment affirmed.  Felton, C. J., and Quillian, J.. concur.*