36984. PASLER *v.* MARYLAND CASUALTY COMPANY *et al.*

DECIDED FEBRUARY 13, 1958—REHEARING DENIED MARCH 5, 1958.

*William Hall, Stewart & Hall,* for plaintiff in error.

*Greene & Neely, Burt DeRieux,* contra.

NICHOLS, Judge. The fact that the claimant was injured in an automobile collision while engaged in the business of the corporation and not because of any misconduct on his own part is undisputed, but it is contended, and has been contended throughout the litigation, that the claimant was not an employee within the meaning of the Workmen's Compensation Act, as amended, and that he is therefore not entitled to compensation.

The evidence shows conclusively that the claimant is the sole shareholder and president of the employing corporation and that in addition to the duties imposed upon him by the charter and bylaws of the corporation he was also a salesman and per-

formed other duties which would classify him as an employee within the meaning of the Workmen's Compensation Act. The full board in reversing the award of the single director held that at the time of the collision the claimant was engaged in the duties of the president of the corporation and not the duties of an employee, and that he was therefore not entitled to compensation.

Code § 114-607 provides in part: "A policy of insurance issued under this Title shall always first be construed as an agreement to pay compensation; and an insurer who issues a policy of compensation insurance to an employer not subject to this Title shall not plead as a defense that the employer is not subject to the Title; and an insurer who issues to an employer subject to this Title a policy of compensation insurance covering an employee or employees ordinarily exempt from its provisions shall not plead the exemption as a defense. In either case compensation shall be paid to an injured employee or to the dependents of a deceased employee for a compensable accident as if the employer and/or the employee were subject to this Title, the policy of compensation insurance constituting a definite contract between all parties concerned."

The policy of insurance issued by the insurer to the employing corporation read in part as follows: "Employees covered. V. This agreement shall apply to such injuries sustained by any person or persons employed by this employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, upon which remuneration the premium for this policy is to be computed and adjusted, and also to such injuries so sustained by the president, any vice-president, secretary or treasurer of this employer, if a corporation. The remuneration of any such designated officer shall not be subjected to a premium charge unless he is actually performing such duties as are ordinarily undertaken by a superintendent, foreman or workman." . . . and . . . "Basis of premium. Condition A. The premium is based upon the entire remuneration earned, during the policy period, by all employees of this employer engaged in the business operations described in said declarations together with all operations necessary, incident or appurtenant thereto, or connected therewith whether conducted at such work places or elsewhere in connection therewith

or in relation thereto; excepting however the remuneration of the president, any vice-president, secretary, or treasurer of this employer, if a corporation, but including the remuneration of any one or more of such designated officers who are actually performing such duties as are ordinarily undertaken by a superintendent, foreman or workman. . ."

The evidence adduced at the hearing showed without dispute that the claimant's compensation was included in the calculations on which the premium was based, and there was no conflict that at least some of the duties performed by the claimant, who was president of the corporation, were duties which would be customarily performed by a "superintendent, foreman or workman."

The policy did not provide that a person in the position of the claimant here would be covered by the policy "only while such person is engaged in duties which are customarily the duties of a superintendent, foreman or workman" so that it would be necessary to determine whether, at the time of the injury, the claimant was engaged in the duties of a superintendent, foreman or workman.

Under Code § 114-607, supra, the insurer was estopped from defending the present claim upon the ground that the claimant, the president of the employing corporation, was not an employee under the terms of the Workmen's Compensation Act, and it is now unnecessary to determine if the "dual capacity" rule, which provides that certain executives are employees within the meaning of the Workmen's Compensation Act while performing some duties and are not such employees while performing other duties, (see 15 A. L. R. 1285; 81 A. L. R. 645), is applicable in Georgia.

Since the insurer is estopped from defending the claim on the ground that the claimant was not an "employee" of the corporation, and the evidence demanded a finding that the claimant's injury otherwise arose out of and in the course of his employment, the judgment of the superior court affirming the award of the full board must be reversed. Direction is given that the superior court reverse the award of the full board with direction that the full board enter an award for the claimant in the amount shown by the evidence to be due for compensation and medical expense.

*Judgment reversed with direction. Gardner, P. J., Carlisle, and*

*Quillian, JJ., concur.. Townsend, J., concurs specially. Felton, C. J., dissents.*

TOWNSEND, Judge, concurring specially on rehearing. 1. As is pointed .out. in the motion. to rehear, the entire salary of the claimant was not included in the actual remuneration upon which the policy premiums are computed, in that it appears that the premium was based on a $1,600 salary to the claimant for a 16-week period, whereas he testified that his gross salary was $600 per month. It is accordingly contended that the duties of the claimant as president of the corporation were not included in the remuneration on which the premium basis was figured, and that as to such duties he is not covered under the policy.

Code § 114-608 provides, "Every policy for the insurance of the compensation herein provided, or against liability therefor . . . shall be deemed to be made subject to the provisions of this Title." Accordingly, a policy of insurance covering the workmen's compensation field is by law made subject to all the provisions of the Workmen's Compensation Act. Code § 114-101 defines "employee" as "every person in the service of another under any contract of hire or apprenticeship." Here, the insurance carrier specifically accepted as an employee in the capacity of salesman a person known to it to be the president of the employer corporation. Whether or not the insurance company attempted to insure this man as a salesman and not as a president is not clear, but it did accept premiums on the claimant as an employee of the company, which he was, at all times involved here. Under Code § 114-607 an insurer issuing to an employer a policy of insurance covering an employee who is otherwise exempt is estopped from pleading the exemption as a defense.

The general rule is that where the statute requires an instrument to be drawn, and the instrument as executed for the purpose of complying with statutory requirements does not, in all respects, meet them, "whatever is included in the bond which is not thereby required must be read out, and whatever is not expressed and ought to have been incorporated must be read in, so as to conform to the requirements of the law." *Collins* v. *U.S.F. & G. Co.,* 72 *Ga. App.* 875, 880 (35 S. E. 2d 474); *Talmadge* v. *General Cas. Co. of America,* 88 *Ga. App.* 234 (76 S. E. 2d 562). The statement in the policy that the "remuneration

of the president . . . . . [includes] the remuneration of any one or more of such designated officers who are actually performing such duties as are ordinarily undertaken by a superintendent", etc., must be construed not only in favor of the claimant against the insurance company preparing the policy, but construed in conformity with the statutory provisions. So construed, I am of the opinion that the policy covered the claimant, whether he was in the first instance exempt from its provisions or not, and whether the company figured his entire salary in fixing the premium rate or not, and whether he was actually engaged in the act of selling equipment at the time of his injury or not, so long as his injury arose out of and in the course of his employment by the employer.

2. Under Code § 22-101 a corporation is an artificial person created by law. The corporate identity is entirely separate from the identity of its officers and stockholders, and a corporation and the sole owner thereof are two separate and distinct persons. *Waycross Air-Line R. Co.* v. *Offerman & Western R. Co.*, 109 *Ga.* 827, 828 (35 S. E. 275); *Newton Mfg. Co.* v. *White*, 42 *Ga.* 148; *Shingler* v. *Shingler*, 184 *Ga.* 671 (3) (192 S. E. 824). The contention that the claimant here was in fact the employer of himself because he was the president and owner of the corporation, for which reason he will not be permitted to sue himself, entirely overlooks the fact that the corporation and the claimant are distinct and separate entities. This is not true of a partnership, which has no legal entity aside from that of the persons who unite as partners, for which reason nothing in *United States Fidelity &c. Co.* v. *Neal*, 188 *Ga.* 105 (3 S. E. 2d 80), which deals with a partnership, is pertinent to this case. The rights and liabilities of partnerships and corporations differ greatly in legal effect, and these differences often form the basis for an individual choice as to the manner of setting up and operating a business. Where the legal consequences differ, it is obvious that partnership law is not good authority in cases involving a corporation, and vice versa. Foreign authorities on pertinent legal questions may be persuasive, but they, too, are not binding. It is therefore my conclusion that the court should adhere to its judgment of reversal in this case.

FELTON, Chief Judge, dissenting. Construing the insurance

policy in connection with the compensation law which is a part of the contract, it means that the insurance company agreed to pay compensation to an officer of the corporation if he was injured in an accident arising out of the performance of the duties of an *employee* performed by the officer. The board was authorized to find that the entire salary of the president was paid to him in the capacity as salesman and that he received no salary for executive duties. No estoppel could arise against the insurance carrier unless it knowingly based the premium charge on an amount of remuneration paid to the president as such. The mere fact that the premium charge was based on approximately two-thirds of the officer's entire salary of $600 per month would not estop the insurance company, when the evidence authorized the finding that the entire salary was paid to the president in the capacity of salesman. I think the board's finding was authorized and that the court correctly affirmed it.