38000. HOME INDEMNITY COMPANY *et al. v.* HERNLEN.

CARLISLE, Judge. The claimant, John P. Hernlen, was an employee of a proprietorship operated by his father under the name of "Wirtz and Hernlen." The claimant's father died, and under the provisions of his will the claimant and his brother, Geddes Hernlen, were made trustees of the estate and expressly empowered as such to continue the operation of

the proprietorship and to pay the profits thereof into the trust for the purpose of providing an income for the claimant's mother. The claimant, though a trustee charged with the operation of the aforesaid proprietorship business and with the management of other trust properties, worked for a salary or wages as an employee of the proprietorship. The claimant's wages were reported to the defendant insurance company along with other wages and salaries paid to other employees of the business as a basis for computation of the premiums paid by the proprietorship on the policy of workmen's compensation provided by the defendant insurance company. The claimant was injured while working in the shop of the proprietorship as a mechanic, and while engaged solely in his duties as an employee of the proprietorship. *Held:*

Under the facts stated and under the provisions of Code § 114-607, the defendant insurance company was estopped to contend that the claimant was not an employee of the proprietorship and entitled to workmen's compensation when he sustained an injury arising out of and in the course of his employment. *Pasler* v. *Maryland Cas. Co.,* 97 *Ga. App.* 263, 265 (103 S. E. 2d 90). It follows that the judge of the superior court did not err in affirming the award of compensation to the claimant.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED DECEMBER 4, 1959—REHEARING DENIED
DECEMBER 17, 1959.

*Smith, Field, Doremus & Ringel, Herbert A. Ringel, Richard D. Carr, Charles L. Drew,* for plaintiffs in error.

*Harris, Chance, McCracken & Harrison, Otis W. Harrison,* contra.

ON MOTION FOR REHEARING

In a motion for a rehearing filed in this court, counsel for the plaintiff in error makes the contention that John P. Hernlen, the claimant, cannot be both the employer and the employee at one and the same time. In making this contention, counsel overlooks the fact that while Hernlen was in fact one of the trustees of his father's estate that as such he managed the estate merely in a representative capacity. Under the facts shown in the

record he had no beneficial interest in the estate since the profits derived from the operation of the business were designated by his father to be for the benefit of his mother. While this court recognizes that in ordinary partnerships the partnership is not a separate or distinct entity from the persons comprising the partnership, yet, nevertheless, we think that under a careful consideraation of the general principles respecting trust estates and the respective liabilities and rights of trustees and the beneficiaries of such trust estates there is a distinct difference in entities between the estate itself and the individual persons who are the trustees of the estate. The employer in this case was the trust estate as represented by the two trustees and not the trustees themselves as individuals. The trustees, insofar as they were employers, were so only in their representative capacity.

The analogy would not be strained to compare the case here made with a case supposed, where the creator of the trust had, instead of making merely his two sons trustees of the estate, constituted all of the employees of his business as a board of trustees to operate and continue the business for the benefit of his widow. Under such a circumstance, it cannot be said that the employees would all thus become individually partners in the operation of the business so that they could no longer continue to be employees of the business within the meaning of the Workmen's Compensation Act. Under the facts appearing in the instant case, the creator of the trust knew that his sons were employees of his business, and we think it may be fairly inferred that he intended that they would continue as such while acting as trustees in a fiduciary or representative capacity to operate the business. Thus, the trustees here acted in their representative capacity in managing the business for the benefit of their mother and in their individual capacity as employees of the business.

No question is presented by the record in this workmen's compensation case as to the propriety or impropriety of this kind of "self-dealing." See, however, in this connection 90 C. J. S. 255, n. 34, Trusts, § 248.

*Motion for rehearing denied.*