43284.   SANDERS TRUCK TRANSPORTATION
COMPANY, INC. v. NAPIER.

43285.   SANDERS TRUCK TRANSPORTATION
COMPANY, INC. v. STRANGE.

EBERHARDT, Judge. 1. The relationship of employer and employee is essential to coverage under the Workmen's Compensation Act. *Parker v. Travelers Ins. Co.*, 174 Ga. 525 (163 SE 159, 81 ALR 472). Common law principles are to be employed in determining whether the relationship existed. *Travelers Ins. Co. v. Clark*, 58 Ga. App. 115, 121 (197 SE 650). If the relationship is that of independent contractor and contractee there is no coverage. *Richards v. Marco Realty Co.*, 57 Ga. App. 242 (194 SE 880); *American Cas. Co. v. Smith*, 116 Ga. App. 332 (2) (157 SE2d 312). The burden of showing the employer-employee relationship and of showing that the employer was subject to the provisions of the Act by virtue of having the requisite number of employees or that he had voluntarily accepted its provisions rests upon the claimant. *Indemnity Ins. Co. v. Lamb*, 56 Ga. App. 492 (193 SE 76).

Cf. *McCluskey v. American Oil Co.,* 224 Ga. 252; *Borochoff v. Fowler,* 98 Ga. App. 411 (1) (105 SE2d 764).

"It appearing conclusively from the evidence that the employer neither reserved in the contract nor assumed the right to control the time, manner, and method of executing the work, the judge of the superior court erred in affirming the award of the [Workmen's Compensation Board.]" *Bibb Mfg. Co. v. Martin,* 53 Ga. App. 137 (185 SE 137). See *Albert v. Hudson,* 49 Ga. App. 636 (176 SE 659); *Hartford Acc. &c. Co. v. Parsley,* 113 Ga. App. 830 (149 SE2d 848), and compare *National Trailer Convoy v. Undercofler,* 109 Ga. App. 703, 709 (a) (137 SE2d 328).

2. Even if the provision of the leases providing control of the James vehicles to Sanders, and the further provision obligating Sanders to pay the drivers was sufficient to afford a right to control those drivers and thus bring them within the category of employees under the Act, it must further appear that Sanders had ten or more employees in order to afford coverage. *Code Ann.* § 114-107. These must be employees regularly in service and of the character entitled to compensation under the Act. It cannot include a partner, though the partner may do work for which he receives compensation in the nature of wages. *U. S. Fidel. &c. Co. v. Neal,* 188 Ga. 105 (3 SE2d 80); s.c., 60 Ga. App. 179 (3 SE2d 211); *Chandler v. Harris,* 47 Ga. App. 535 (171 SE 174). Nor can the president or others in the management of a corporate employer whose duties are those of management be counted; these are in the position of employers. But see *Pasler v. Maryland Cas. Co.,* 97 Ga. App. 263 (103 SE2d 90); *Home Indemnity Co. v. Hernlen,* 100 Ga. App. 860 (112 SE2d 409).

There is no presumption that an employer has a sufficient number of employees to bring him under the provisions of the Act. *Benefield v. McDonough Const. Co.,* 106 Ga. App. 194, 198 (3) (126 SE2d 704). Where, as here, the evidence fails to show that the employer had as many as ten employees (even counting James, Napier and Strange, but see *Albert v. Hudson,* 49 Ga. App. 636, supra, and other cases cited in Division 1) a finding that the parties came within the coverage of the Act was unauthorized. *Watson v. Tifton Trading Co.,* 70 Ga. App. 377 (28 SE2d 188).

*Judgments reversed. Felton, C. J., and Whitman, J., concur.*

Argued January 3, 1968—Decided April 2, 1968.

*Woodruff, Savell, Lane & Williams, John M. Williams, Lawson A. Cox,* for appellant.

*Albert G. Ingram, W. T. Mobley,* for appellees.