### 47108. GEORGIA CASUALTY & SURETY COMPANY et al. v. COCHRAN.

Pannell, Judge. P. H. Cochran, a producer or vendor in the pulpwood industry, brought his claim for workmen's

compensation against C. L. McCord, a dealer for Georgia Kraft Company and Georgia Casualty & Surety Company, insurer. The Board of Workmen's Compensation entered an award denying compensation based on the following findings of fact and conclusions of law: On December 11, 1969, claimant was accidently and severely burned while trying to choke and crank his truck by placing one hand over the carburetor and shorting the starter with the other. Claimant had been engaged that morning in cutting and pulling out to the road scattered, ragged wood on his brother's property in Paulding County. This wood was eventually loaded and hauled to Georgia Kraft in Krannert, Georgia, as pulpwood, on March 5, 1970, by claimant's brother on a truck ticket from C. L. McCord. Claimant was, in the language of the pulpwood trade, a "producer" or "vendor," which terms are synonymous. These tickets could be picked up one or several at a time from offices of dealers such as C. L. McCord, who was exclusively a dealer for Georgia Kraft. The tickets were received by the vendor in blank with only a "void after" date stamped on them along with the dealer's name, and they were sufficient authorization for delivery of pulpwood by anyone to Georgia Kraft, during the same week secured, so long as they were then completed to show producer, driver, and stumpage information regarding location of the producing tract. Payment would be made on a unit basis by Georgia Kraft, after delivery, to the dealer whose name appeared on the truck ticket. The dealer would make per unit deductions for workmen's compensation insurance and for any moneys which may have been advanced or loaned to the producer. He would then pay the balance to the producer if the producer produced from his own properties, or he would pay negotiated portions to the producer and landowner by separate checks. The producer either would deliver the landowner's check or the landowner would be notified that his check was ready for him at the dealer's. No evidence was introduced regarding any master con-

tract covering wood cut by producers on lands their producers owned, leased, or themselves negotiated cutting arrangements, between McCord and Georgia Kraft except that Georgia Kraft did require that McCord insure against workmen's compensation liability. C. L. McCord carried in force on December 11, 1969, a policy of workmen's compensation insurance with Georgia Casualty & Surety Company (Certificate No. 916981) with the named insureds being "C. L. McCord d/b/a C. L. McCord Pulpwood Company and Vendors while cutting wood for C. L. McCord d/b/a C. L. McCord Pulpwood Company, Route 4, Rome, Georgia 30161." Pledger Cochran, here the claimant, was not an employee of C. L. McCord at the time of his injury but was the named insured under the policy of insurance. Deductions for workmen's compensation insurance were made by McCord from payments on units of wood delivered and remitted to Georgia Casualty & Surety's agent, on a 40¢ per unit basis. In the case of Pledger Cochran, such premiums were deducted from payments on units which were at least partly, and on occasion entirely, his personal work product.

On appeal to the superior court, the judge entered, in part, the following order: ". . . Twenty-six findings of fact were made by the Deputy Director all of which are supported by evidence in the record so that under the law such findings of fact cannot be disturbed on appeal unless there is an error of law. Fleming v. Fidelity & Cas. Co. of New York, 89 App. 405 (1); Rivers v. Travelers Ins. Co., 93 App. 779 (3); Roper v. General Motors Corporation, 122 App. 163 at p. 164. The only issue remaining for consideration by the court in connection with this appeal is whether or not claimant's contention that the employer McCord and the insurer, Georgia Casualty & Surety Company, are estopped from denying coverage on him as an employee under the workmen's compensation act, the contract of insurance in this case and the facts as found by the Deputy Director. . . It appearing that it is immaterial as to whether claimant was an employee or

an independent contractor in that he is entitled to the benefits of the Act under the beneficial provisions of Code Section 114-607. . . It is considered, ordered and adjudged that the award in this case made by Honorable Don L. Hartman, Deputy Director, be and same is hereby remanded to the State Board of Workmen's Compensation for action consistent with this order."

From this order the insurer and the employer entered an appeal to this court. *Held:*

1. (a) Assuming, without deciding, that the fact a premium for workmen's compensation was paid by the vendor-claimant on each wood unit delivered whether the claimant had employees or not would demand a finding it was the intent of the insurer to insure *as employees* of McCord, producers or vendors while cutting wood for McCord, and the insurer would be estopped to claim such producers or vendors were not employees of McCord (*Code* § 114-607, codified in part as result of dissent in *Parker v. Travelers Ins. Co.,* 174 Ga. 525, 529 (163 SE 159, 81 ALR 472); *Liberty Mut. Ins. Co. v. Henry,* 56 Ga. App. 868 (194 SE 430); *Pasler v. Maryland Cas. Co.,* 97 Ga. App. 263, 264 (103 SE2d 90); *New Amsterdam Cas. Co. v. Thompson,* 100 Ga. App. 677, 680 (112 SE2d 273); *Home Indemnity Co. v. Hernlen,* 100 Ga. App. 860 (112 SE2d 409)), this would not demand an award favorable to the claimant, for the reason that the evidence authorized, if it did not demand, the unchallenged and authorized finding made by the board that no proper notice of the accident suffered by the claimant was given to McCord, the claimed employer or the insured, until after the time required by law. See *Code* §§ 114-303 and 114-304; *Maryland Cas. Co. v. England,* 34 Ga. App. 354 (129 SE 446); *James v. Fite,* 38 Ga. App. 759 (145 SE 536); *Consolidated Underwriters v. Smith,* 106 Ga. App. 167 (126 SE2d 465); *Fountain v. Ga. Marble Co.,* 95 Ga. App. 21, 22 (96 SE2d 656). Compare *Crystal Springs Bleachery v. Roach,* 123 Ga. App. 364 (181 SE2d 79).

(b) Nor can claimant recover workmen's compensation as an

employee of himself. See *U. S. Fidelity &c. Co. v. Neal,* 188 Ga. 105 (3 SE2d 80) in which it was ruled (p. 110): "The relationship of master and servant suggests at once a contract of service between two persons having a separate and independent existence in the eyes of the law. No man can be at one and the same time the master and the servant. Cf. *Tuck v. Moss Mfg. Co.,* 127 Ga. 729 (56 SE 1001)"; and (p. 113): "It is apparent that the legislature in enacting the Workmen's Compensation Act did not intend to enforce compensation for injury to one, out of his own business and property." The case of *Pasler v. Maryland Cas. Co.,* 97 Ga. App. 263, supra, does not require a different ruling as in that case the employer was a corporation and the employee was the sole and only stockholder, two different legal entities.

2. We accordingly are constrained to reverse the judge of the superior court in remanding the case to the Workmen's Compensation Board for further consideration.

*Judgment reversed. Hall, P. J., and Quillian, J., concur.* SUBMITTED APRIL 10, 1972—DECIDED SEPTEMBER 13, 1972.

*Gambrell, Russell, Killorin, Wade & Forbes, Edward W. Killorin, Richard L. Stumm,* for appellants.

*E. J. Clower,* for appellee.

HALL, Presiding Judge, concurring. The record does not indicate which test the director used in making his finding that no proper notice of an accident was given as required by *Code* § 114-303. See my special concurrence in *Crystal Springs Bleachery v. Roach,* 123 Ga. App. 364, 365 (181 SE2d 79). However, the evidence demands a finding that while the claimant informed McCord of the accident, this occurred after claimant's dismissal from the hospital which was almost sixty days from the date of the accident.