### 52746. SCOGGINS v. AETNA CASUALTY & SURETY COMPANY et al.

MARSHALL, Judge.

Claimant was a partner of Evergreen Lawn Management which consisted of himself, his wife and his brother. There were other persons who worked as laborers for the partnership on various landscaping jobs. The claimant was injured while unloading a magnolia tree on one of these jobs. He filed a workmen's compensation claim against himself et al., d/b/a Evergreen Lawn Management and Aetna Casualty and Surety Company. The insurer denied liability on the ground that the

claimant was not an "employee" within the definition of Code Ann. § 114-101 of the Workmen's Compensation Act. Claimant contends that the insurer is estopped from denying coverage because the issuing agent told the claimant that he was covered, and the policy itself provides that when the insured is a partnership, the insurance applies to each partner. The administrative law judge, the board and the superior court all denied the claim on the ground the claimant was not an employee. *Held:*

Appellant's sole contention is that the insurer is estopped to deny coverage because of Code Ann. § 114-607. It provides, in pertinent part: "A policy of insurance issued under this Title shall always first be construed as an agreement to pay compensation; and an insurer who issues a policy of compensation insurance to an employer not subject to this Title shall not plead as a defense that the employer is not subject to the Title; and an insurer who issues to an employer subject to this Title a policy of compensation insurance *covering an employee or employees ordinarily exempt from its provisions* shall not plead the exemption as a defense. In either case compensation shall be paid to an injured employee or to the dependents of a deceased employee for a compensable accident as if the employer and/or *the employee* were subject to this Title, the policy of compensation insurance constituting a definite contract between all parties concerned." (Emphasis supplied.)

There are several cases which have applied this Code section so as to estop an insurer from asserting a defense that the claimant was an independent contractor rather than an employee. See *Ga. Cas. &c. Co. v. Brawley,* 135 Ga. App. 763 (219 SE2d 176); *Ga. Cas. &c. Co. v. Rainwater,* 132 Ga. App. 170 (207 SE2d 610); *Liberty Mut. Ins. Co. v. Henry,* 56 Ga. App. 868 (194 SE2d 430). However, we find no cases wherein an *employer* was awarded compensation as an "employee" exempted from the provisions of the Act under Code § 114-607. A case that comes close is *Pasler v. Maryland Cas. Co.,* 97 Ga. App. 263 (103 SE2d 90), wherein the claimant was the sole shareholder and president of the employing corporation. He was also a salesman and "employee" of the corporation. The court

applied the estoppel provisions of Code § 114-607 and awarded compensation. However, as pointed out in *Ga. Cas. &c. Co. v. Cochran,* 127 Ga. App. 55, 59 (192 SE2d 547), the employer in *Pasler* was a corporation, and even though the claimant was the sole stockholder, he was a separate legal entity from his corporation. Here, the partnership is the employer and the claimant is a partner. A partnership has no legal entity aside from that of the persons who unite as partners.

"Primarily, the partnership relationship is not consistent with the relation of master and servant or employer and employee. That is to say, if the relationship of master and servant exists between persons, this excludes the idea of the relationship of partners, and vice versa. A partner is at once a principal and an agent . . . [T]he partners are the only persons who may perform the duties imposed upon the partnership as a master, and they could owe in this respect no duty to themselves, and certainly could make no complaint of their dereliction of duty on behalf of the partnership. The point is that the servant in such case equals the partner, and the partner equals the partnership; the result being that they are all one and the same. The impossibility of making the duties arising from the relationship of master and servant applicable to a partnership and the partners composing it demonstrates that the relationship can not be said to exist in such case." *U. S. F. & G. Co. v. Neal,* 188 Ga. 105, 111 (3 SE2d 80). The court went on to state that the partner is not made a servant by the fact that he may be performing special services for the partnership at the time of his injury.

If a partner cannot be in the category of an employee, it follows that Code § 114-607, which applies to *"employee[s]* . . . ordinarily exempt from its provisions," cannot apply. (Emphasis supplied.) In order for one to be "exempt" from some provision of the law, the law must first apply to that class of persons to which that person belongs. Unlike an independent contractor, a partner is not hired or employed by an employer so as to place him into the servant category intended to be protected by the Workmen's Compensation Act.

The court in the *Neal* case, supra, addressed the

estoppel question: "The fact that the partnership was insured can not alter the case. The insurance provided under the act merely insures the liability of the employer, and is no greater. No question is presented, under the facts of the present case, of estoppel against the insurance company to deny the existence of the relationship of Neal as servant or employee under the contract of insurance with the partnership. The construction that we have put upon the workmen's compensation act can not be said to violate any beneficent purpose sought to be attained by it." *U. S. F. & G. Co. v. Neal,* 188 Ga. 105, 112, supra. See also, *Ga. Cas. &c. Co. v. Cochran,* supra.

Based on the above, we affirm the trial court's denial of compensation under the Workmen's Compensation Act.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED SEPTEMBER 9, 1976 — DECIDED OCTOBER 6, 1976.

*William R. Hurst,* for appellant.
*Spearman, Thrasher & Costanzo, Richard B. Eason, Jr.,* for appellees.