59520. DENIS AERIAL AG-PLICATORS, INC. v. SWIFT.

BIRDSONG, Judge.

It is urged by the appellant, Denis Aerial Ag-Plicators, Inc., that it should not be subject to the Workers' Compensation Act, and thus liable to an injured employee-claimant (Swift) for compensation, because it does not have "three or more employees" per Code Ann. § 114-107.

The issue on appeal emerges from the fact that the third employee as proposed by the appellee, and so ruled by the trial court, is Mr. Denis himself. Denis and his wife are the sole and equal stockholders in the appellant corporation. Denis is the president of the corporation and manager of the business. The corporation is in the crop-dusting business; it owns four airplanes for that purpose. Mr. Denis started the business. He flies one of the planes as a

crop-duster pilot; a young man Preston works loading chemicals in the planes and doing other jobs; the claimant Swift was also a crop-duster pilot. Both Denis and Swift received the same remuneration for their work which was 30% of the job fee. Denis hired the claimant and the other employee and told them what to do. The trial court affirmed the award of the State Board of Workers' Compensation finding Denis to be an employee and the corporation subject to the Act pursuant to Code § 114-107. *Held:*

1. We reverse.

We think the statement in *Sanders Truck Trans. Co. v. Napier,* 117 Ga. App. 561, 562 (161 SE2d 440) is correct where it says, "the president or others in the management of a corporate employer whose duties are those of management [cannot] be counted [as employees]; these are in the position of employers." Less easy to designate is the corporate executive whose duties are those of management but who also regularly performs work, for con- sideration, of the type which would render any other person an "employee" under the Act (Code § 114-101) and which would render him an employee under the dual capacity rule. The dual capacity rule provides that certain corporate executives are employees while performing some jobs and are not employees while performing others. See *Pasler v. Maryland Cas. Co.,* 97 Ga. App. 263, 265 (103 SE2d 90). For purposes of being counted or excluded as an employee to determine eligibility under the Act under Code § 114-107, however, the executive must be consistently designated as one or the other, and to that end, we find the dual capacity doctrine unhandy by its nature.

Two Georgia cases have implied, in dicta, that because of the nature of the corporation as a separate legal entity, the corporate executive or stockholder who also "works," is an employee of the corporation. *Georgia Cas. &c. Co. v. Cochran,* 127 Ga. App. 55, 59 (192 SE2d 547); *Scoggins v. Aetna Cas. &c. Co.,* 139 Ga. App. 805, 806 (229 SE2d 683). Both cases advert to *Pasler v. Maryland Cas. Co.,* supra, as having held that the claimant Pasler, the sole stockholder of his corporation, was a separate legal entity from the corporation and thus was an employee of the corporation. However, *Pasler* did not hold or even imply such a result; it withheld any such determination as unnecessary, because the insurer had insured the claimant as an employee and therefore under Code § 114-607 was estopped to deny coverage. Our only guidance is what is held in *U. S. Fidelity &c. Co. v. Neal,* 188 Ga. 105 (3 SE2d 80) with regard to partners in a partnership.

In holding that a partner, who performs services on behalf of and within the scope of the partnership, cannot be an employee of

the partnership within the meaning of the provision at Code § 114-101 that " 'employee' shall include every person *in the service of another"* (emphasis supplied), the Supreme Court in *Neal* at p. 107, concluded: " 'The workmen's compensation act clearly does not contemplate such a mixed relation . . . wherein each member of the partnership is at the same time . . . master and servant, employer and employee . . . The obvious intent of the act was to substitute its procedure for the former methods of settling disputes arising between those occupying the strict relationship of master and servant, or employer and employee . . . The law . . . contemplates two persons standing in this opposed relation, and not the anomaly of one person occupying the dual relation of master and servant, employer and employee, plaintiff and defendant' . . . The relationship of master and servant suggests at once a contract of service between two persons having a separate and independent existence in the eyes of the law. *No man can be at one and the same time the master and the servant . . .*

"It is urged, however, that if it appears that at the time of the injury to himself the partner was rendering services which were not required of him as a member of the Partnership . . . he is to be considered as a servant or employee of the partnership. We can not accept this view. *It is true that in many instances the law considers a partnership an entity or 'quasi-person,' and that a partner may contract with the partnership . . . for the performance of special services.* [Cits.] *However, a partner is no less a partner after contracting for and in the performance of special services . . . than he was before.* In the performance of such services *he acts for himself . . .* [This construction of the Workers' Compensation Act] can not be said to violate any beneficient purpose sought to be attained by it . . . It is apparent that the legislature in enacting the workmen's compensation act did not intend to enforce compensation for injury to one, out of his own business and property . . . " (Emphasis supplied.)

In the same real posture as the partner in *Neal,* is the sole or major stockholder of a small corporation who runs the business and does work not purely managerial. The entrepreneur who starts his own business and incorporates it but continues to do labor, generally *is* the corporation. Without him there will generally be no corporation, no business; if it were not so, he would employ other persons to take his place in the labor pool and he would become the corporate executive "whose duties are those of management." *Sanders v. Napier,* supra, p. 562.

That is the fact of the matter despite the fictional view of the corporation as a separate legal entity.

We are not in the least unmindful of the "separate legal entity rule" noted in dicta by *Cochran* and *Scoggins, supra.* In general, however, that concept is one which arises when we dissect the identity of the corporation versus the identity of its officers and stockholders. Our focus, however, is upon the nature of the *individual* in question. In dissecting his own identity, we find that when he runs the business, hires and fires, directs himself and any others, and is subject to no authority but his own, he is "not an employee, but [works] for himself." *Sanders, supra,* p. 565. He is an employer. He cannot be an employee at the same time. *Neal, supra.*

Other jurisdictions have recognized what we say here. In Leigh Aitchison, Inc. v. Industrial Commission of Wisconsin, 205 NW 806, the Wisconsin court faced the question whether Mrs. Aitchison, who was the majority stockholder and president of the corporation, was an employee entitled to compensation for injury. Mrs. Aitchison was the manager of the business, determined its policy, did its buying, worked in the shop, hired and discharged the employees, and had full control of the business. In holding that Mrs. Aitchison, who was injured while on an errand in connection with her shop business, was an employer who could not be an employee at the same time, the court said:

"It may be conceded that the mere fact that one is a stockholder, officer, or director of a corporation does not preclude his being at the same time an employee. No hard and fast rule can be laid down based upon the amount of stock which an individual may own or any other arbitrary standard . . . It is quite apparent that in this case none of the ordinary incidents of the relationship of employer and employee exist. [Cits.] Mrs. Aitchison fixed her own salary, which was substantially the total amount of the earnings of the corporation, fixed her own hours of employment, prescribed her own duties, was responsible to no one; no one had the power or authority to discharge her and she was subject to no one's direction. It would seem to require no argument to show that under those circumstances she was not an employee in the sense in which that term is used in the Workmen's Compensation Act (St. 1923, §§ 102.01-102.41) [Cits.]

"We do not, in reaching this conclusion, ignore the fact that the corporation is a distinct entity; nor do we reach this conclusion merely because she was the owner of a very large proportion of the stock issued, but because upon the undisputed facts she did not sustain the relation of employee to any one. While it is true she devoted practically all of her time to the carrying on of the business of the corporation, in the doing of work which might be done by employees, that is not controlling. The relationship of a person to a corporation is not determined by the nature of the services

performed, but by the incidents of the relationship as they actually exist.

"The Court of Appeals of the state of New York . . . reached this conclusion:

" 'The claimant in this case is willing, in order to collect a workman's allowance for himself from the insurance carrier, to assume a status that he might be the first to disclaim for any other purpose. Theoretically he was subject to the orders of his corporation and was liable to be discharged for disobedience. Practically he was the corporation, and only by a legal fiction its servant in any sense.' Bowne v. S. W. Bowne Co., 221 N. Y. 28, 116 N. E. 364.

"It can hardly be said that Mrs. Aitchison could in one capacity employ herself or discharge herself to prescribe the duties of her employment in another capacity. The Workmen's Compensation Act contemplates that an employee must have an employer. A person cannot employ himself to work for himself. Mrs. Aitchison was subject to no one; she could do as she pleased . . . It is quite clear in this case that the relationship of employer and employee did not exist. She was a managing officer and not an employee." Leigh Aitchison, supra, pp. 807-808.

In Johnson v. United States Life Ins. Co., 181 A2d 380, 384, the court concluded the claimant was not an employee because " 'the preponderance of [his] ownership made him for all practical purposes the *alter ego* of the corporation. To adopt a realistic rather than technical attitude towards the Workmen's Compensation Act, the corporation entity should be disregarded.' " However, we do not feel constrained to go so far as to disregard the corporate entity; as we have said, and as the Wisconsin court in Leigh Aitchison implied, the corporate entity may remain intact while we dissect the identity of the executive or stockholder who, as an individual, cannot be the anomolous "one person occupying the dual relationship of master and servant, employer and employee, plaintiff and defendant. . . . " (*Neal*, supra, p. 108, and see p. 110).

The rule was stated in Sormanti v. Marsor Jewelry Co., 118 A2d 339, 341, in 1955: "*Unless there is such identity between the alleged employee and the corporation that it deprives the latter of the power to control the relationship of employer and employee, as where the employee is practically the corporation or owns enough stock to dictate its policy* and prudential affairs, it is generally held that a corporate officer performing nonexecutive work attended with the normal incidents of employment is an employee." (Emphasis supplied.) And we agree with what was said in Holycross & Nye, Inc. v. Nye, 97 Ind. App. 372, 186 N. E. 915, that one may be an officer, director, shareholder of the corporation, or all three, and still be an

employee; yet under the Workers' Compensation Act, such a person who directs policy and manages the affairs of the corporation, although he also labors for it, is not an employee. In Holycross, such persons are stated to be in the same category as partners (see *Neal, supra*). In Duvick v. Industrial Commission, 125 NW2d 356, 359, the court held that the manager, bartender, and cleaning supervisor of a tavern, who was also the majority stockholder in the corporation, was not an employee so as to receive compensation for injury he received while stacking beer cases. Duvick prescribed his own duties, fixed his hours and he set his own salary. He was responsible to no one but himself and no one had any authority over him. "The relationship of employer to employee is essential," the court held. "If the employer is also the employee no such relationship exists, and recovery is not permitted under the act . . . A corporation is an artificial person existing in the contemplation of the law and qualifies as an employer. In certain circumstances the corporation, although still a corporate entity, and the alleged employe [sic] may for the purposes of the [workers' compensation] act be one and the same. In that case the employer to employe [sic] relationship does not exist."

In the case before us, Denis was stockholder, president and manager of the corporation. He flew a cropduster like the other pilot, the claimant, and received like compensation. He was de facto employer to Swift and Preston, but he was employee to no one; he was not in fact employee to the corporation. No entity had authority over Denis; no one told him what to do, set his hours or his compensation, or could fire him. Even if the corporation did those things, it would be at his direction. As said in the Sormanti case, *supra*, "there is such identity between the alleged employee and the corporation that it deprives the [corporation] of the power to control the relationship of employer and employee." Denis was the *employer;* as said in Leigh Aitchison, *supra*, p. 807, he "did not sustain the relation of employee to anyone." The trial court erred in finding Denis to be an employee, and in finding the appellant subject to the Workers' Compensation Act per Code § 114-107.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

ARGUED MARCH 5, 1980 — DECIDED MAY 28, 1980.

*Jesse G. Bowles, III,* for appellant.
*Del Percilla, Jr.,* for appellee.