49577. GREYHOUND VAN LINES v. COLLINS.

ARGUED SEPTEMBER 9, 1974 — DECIDED OCTOBER 4, 1974.

*Fendig, Dickey, Fendig & Whelchel, Richard A. Brown, Jr.,* for appellant.

*Taylor, Bishop & Lee, John R. Ferrelle,* for appellee.

QUILLIAN, Judge.

An award of the State Board of Workmen's Compensation must contain findings of fact upon which it is based, Code § 114-707, and these findings must be

sufficient to support the award as to the issues determined therein.

There are certain essential findings of fact that must be made in every workmen's compensation award and they must be more than mere conclusions couched in the language of the statute. *Southeastern Express Co. v. Edmondson,* 30 Ga. App. 697 (1) (119 SE 39); *American Mut. Liability Ins. Co. v. Hardy,* 36 Ga. App. 487 (137 SE 113). One essential element of every workmen's compensation award is a determination of whether the employer has a sufficient number of employees to bring the claim within the provisions of the Act.

In the present case it should be noted that the award of the deputy director made a finding of fact that neither Cato nor Greyhound had ten or more employees within the state and therefore did not come within the provisions of the Compensation Act. This award was appealed to the full board which then remanded the claim to the deputy director "for the purpose of taking additional evidence to show whether or not Greyhound Van Lines had ten (10) employees within the State." Additional evidence was taken and the full board issued an award. However, the full board in its second award failed to make any finding of fact as to whether Greyhound had ten or more employees within the state. Its failure to state this essential finding was fatal to the award.

The appellee argues that the board did in fact make such a finding when it granted the appellee compensation. With this contention we do not agree. As stated previously in this opinion a mere conclusion stated in the language of the statute is not sufficient. *Southeastern Express Co. v. Edmondson,* supra.

The appellee also argues that the any evidence rule applies, Code Ann. § 114-710, and that it is not necessary for the award to actually make such a finding of fact if there is evidence in the record which would support the same. A contrary rule renders this argument void. It is true that where the record shows that the facts are undisputed as to an essential finding it is unnecessary to remand the claim to the board. *Employers Liability Assurance Corp. Ltd. v. Montgomery,* 45 Ga. App. 634 (2) (165 SE 903). If, however, as in the case sub judice, the

evidence does not demand a specific conclusion then it is necessary for the board to make its finding of fact and decide the issue. In the claim before us the evidence clearly does not demand a finding that Greyhound had ten or more employees within the state at the time the appellee was injured.

Moreover, the record is still very vague on this subject and this case is hereby reversed and remanded with direction that the State Board of Workmen's Compensation be directed to take additional evidence and determine the issue as to whether Greyhound comes within the provisions of the Workmen's Compensation Act.

*Judgment reversed with direction. Bell, C. J., and Clark, J., concur.*