### 54469. S. S. KRESGE COMPANY v. BLACK.

McMURRAY, Judge.

This is a workmen's compensation case. Claimant, employed to clean up in a K-Mart store, fell in cleaning the grill (restaurant) area, injuring his left elbow and

shoulder. After a hearing the administrative law judge made a finding of fact that the employee-claimant did sustain an accidental injury arising out of and in the course of his employment and that he was temporarily totally disabled from the date of the injury with the exception of eight days that he tried to work thereafter. A finding as to his medical expenses was also made. An award as to compensation and medical expenses was then entered.

The employer/self-insurer appealed to the State Board of Workmen's Compensation for a de novo review. The board (with one director dissenting) adopted the findings of the administrative law judge except as inconsistent with additional findings that it made with reference to the occurrence and the amount of work performed by the claimant thereafter and the failure of the employer to provide suitable re-employment after the employee had been temporarily laid off. The majority of the board also found that the employer/self-insurer failed without justifiable cause to file a report of the claimant's injury as required by Code § 114-716 (a) as amended (see Ga. L. 1975, pp. 198, 209), and that it repeatedly denied obvious liability under the claim. In addition to other changes it also directed the employer/self-insurer to pay a penalty of $100 to the board under the provisions of Code § 114-716 (e), as amended, supra, for failure to file a first report of injury. It also remanded the claim to the administrative law judge for the purpose of receiving evidence as to reasonable attorney fees to be paid claimant's counsel pursuant to provisions of Code § 114-712, as amended (see Ga. L. 1943, pp. 167-169). Employer/self-insurer appealed to the superior court which reviewed the record and denied the appeal but remanded the proceeding to the State Board of Workmen's Compensation, "for such action as is appropriately provided for in the award of the full board . . ." Employer/self-insurer appeals. *Held:*

The language of the final judgment by the trial court remanding for further action as provided in the award of the "full board" is not a change in the award but merely repeats the action of the board. Consequently, the effect of the judgment is to deny the appeal to the superior court

by the employer/self-insurer.

The amount of attorney fees not having been determined at this time, and a possible change of condition not having been made, this court cannot second guess the board when it has evidence that no report was made as required by Code § 114-716 (e), as amended, supra; and the long delay involved by reason of laying off the claimant during which he was financially unable to pay for medical attention, which shows some grounds for the award of attorney fees although the amount is left for further determination. See *Harris v. Atlanta Coca-Cola Bottling Co.*, 128 Ga. App. 193 (3) (196 SE2d 159).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED SEPTEMBER 20, 1977 — DECIDED OCTOBER 13, 1977 — REHEARING DENIED NOVEMBER 18, 1977 — 

*Smith, Cohen, Ringel, Kohler & Martin, Williston C. White, Robert L. Kiser,* for appellant.

*Craig & Elrod, Jack T. Elrod,* for appellee.