40591. BRADSHAW v. GLASS et al.

PER CURIAM.

We granted certiorari in this case after the Court of Appeals' denial of the application for discretionary appeal. It is a case in which an injured employee of a subcontractor is seeking to hold the general contractor liable under OCGA § 34-9-8 (Code Ann. § 114-112) for payment of workers' compensation benefits. The administrative law

judge, State Board of Workers' Compensation, and the Cobb Superior Court agreed that the general contractor is liable. The general contractor denies liability on the ground that he is excluded from operation of the Workers' Compensation Act under OCGA § 34-9-2(a) (Code Ann. § 114-108), because he, unlike the subcontractor, does not have the minimum number of three employees. We agree and reverse.

In this case, the employee, Lawrence Glass, sustained injuries while in the employ of Herbert Wheeler, who is a subcontractor who was hired to do carpentry work by Steven Bradshaw d/b/a Bradshaw Enterprises. Bradshaw is a general contractor engaged in the construction of residential homes. Glass was doing carpentry work on one of these homes when he fell from certain scaffolding, thereby sustaining the injuries for which he seeks workers' compensation benefits.

The Workers' Compensation Act obligates employers subject to the Act's provisions to insure payment of workers' compensation benefits to his own employees. OCGA § 34-9-120 (Code Ann. § 114-601). In establishing the employers and employees to which the Workers' Compensation Act is applicable, OCGA § 34-9-2(a) (Code Ann. § 114-108) provides that the Act shall not apply to, among other things, "any person, firm, or private corporation, including any public service corporation, that has regularly in service less than three employees in the same business within this state unless such employees and their employers voluntarily elect to be bound."[1]

---

[1] Section 34-9-2 (Code Ann. § 114-108) provides in full:

"(a) This chapter shall not apply to common carriers by railroad engaged in intrastate trade or commerce; nor shall this chapter be construed to lessen the liability of such common carriers or take away or diminish any right that any employee of such common carrier or, in case of his death, the personal representative of such employee may have under the laws of this state; nor shall this chapter apply to employees whose employment is not in the usual course of trade, business, occupation, or profession of the employer or not incidental thereto; nor to farm laborers or domestic servants; nor to employers of such employees; nor to any person, firm, or private corporation, including any public service corporation, that has regularly in service less than three employees in the same business within this state unless such employees and their employers voluntarily elect to be bound.

"(b) This chapter shall not apply to any common carrier by railroad engaging in commerce between any of the several states or territories or between the District of Columbia and any of the states or territories and any foreign nation or nations, nor to any person suffering injury or death while he is employed by such carrier in such commerce; nor shall this chapter be construed to lessen the liability of such common carrier or to diminish or take away in any respect any right that any person so employed or the personal representative, kindred, relation, or dependent of such person may have under the act of Congress approved April 22, 1908, relating to the liability of common carriers by railroad to their employees in certain cases."

As a general matter, a workers' compensation statutory scheme covers employers and employees who occupy viz-a-viz one another a common-law master-servant relationship. See 29 EGL Workers' Compensation, § 1 et seq. (1980 Rev.) (Code Ann. Title 114 Appendix); OCGA § 34-9-1(3) (Code Ann. § 114-101). However, in order to ensure that employees in the construction and other industries are covered by workers' compensation, OCGA § 34-9-8(a) (Code Ann. § 114-112) renders the principal (general) or intermediate contractor secondarily liable for payment of workers' compensation benefits to an employee of a subcontractor, when the employee is injured while in the employ of the subcontractor and engaged upon the subject matter of the contract. *Wright Assoc. v. Rieder,* 247 Ga. 496, 499 (277 SE2d 41) (1981). In this manner, the intermediate or principal contractor has come to be referred to as the "statutory employer" of the subcontractor's employee. See *Wright Assoc. v. Rieder,* supra.

It has been held by the Court of Appeals that in order to sustain a workers' compensation award entered against a general contractor as the statutory employer of an employee of a subcontractor, the award must show that the general contractor has a sufficient number of employees to bring the claim within the provisions of the Workers' Compensation Act. *Greyhound Van Lines v. Collins,* 132 Ga. App. 806 (209 SE2d 250) (1974). See also *Scogin v. Ga. Power Co.,* 165 Ga. App. 2 (299 SE2d 84) (1983). We agree.

*Judgment reversed. All the Justices concur, except Marshall, P. J., who dissents.*

DECIDED APRIL 6, 1984.

*Huff & Moore, Michael S. Huff,* for appellant.

*Thomas F. Brown II, Essley B. Burdine, Sr., Richard L. Powell,* for appellees.

*Kinney, Kemp, Pickell, Sponcler & Joiner, Maurice M. Sponcler,* amicus curiae.

MARSHALL, Presiding Justice, dissenting.

OCGA § 34-9-8(c) (Code Ann. § 114-112) provides, in part: "If such immediate employer is not subject to this chapter by reason of having less than the required number of employees as prescribed in subsection (a) of Code Section 34-9-2 [Code Ann. § 114-108] and Code Section 34-9-124 [Code Ann. § 114-607] does not apply, then such claim may be directly presented to and instituted against the

intermediate or principal contractor."[1] By negative implication, this clearly means to me that the intermediate or principal contractor is secondarily liable for payment of workers' compensation benefits to an employee of a subcontractor even though the intermediate or principal contractor may not be required to provide workers' compensation coverage for his or her own employees in that they number less than three. Therefore, I respectfully dissent.

---

[1] Section 34-9-124 (Code Ann. § 114-607) provides:

"(a) No policy or contract of insurance shall be issued unless it contains the agreement of the insurer or insurers that it or they will promptly pay all benefits conferred by this chapter and all installments of the compensation that may be awarded or agreed upon to the person entitled to them and that the obligation shall not be affected by any default of the insured after the injury or by any default in giving notice required by such policy or otherwise. Such agreement shall be construed to be a direct promise by the insurer or insurers to the person entitled to compensation and shall be enforceable in his name.

"(b) A policy of insurance issued under this chapter shall always first be construed as an agreement to pay compensation; and an insurer who issues a policy of compensation insurance to an employer not subject to this chapter shall not plead as a defense that the employer is not subject to the chapter; and an insurer who issues to an employer subject to this chapter a policy of compensation insurance covering an employee or employees ordinarily exempt from its provisions shall not plead the exemption as a defense. In either case compensation shall be paid to an injured employee or to the dependents of a deceased employee for a compensable accident as if the employer or the employee or both were subject to this chapter, the policy of compensation insurance constituting a definite contract between all parties concerned."