68137. HOWELL et al. v. PARKER.

Sognier, Judge.

Michael Parker was injured while in the course of his employment with Lamar Essex. Essex was an independent contractor hired by appellants Billy Howell (d/b/a H & H Construction Co.) and Randy Bell (d/b/a Aaron & Associates) for work on a residential construction site. Parker filed a workers' compensation claim against Essex, who, although primarily liable, did not have workers' compensation insurance. The ALJ dismissed Parker's claim against the general contractors, Howell and Bell, on the basis that they were not subject to the Georgia Workers' Compensation Act because they did not have the three employees required by OCGA § 34-9-2 (a), either individually or as a joint venture nor had they voluntarily elected to be bound by the Act. The State Board of Workers' Compensation reversed the ALJ finding Howell and Bell liable under the statutory employer provision, OCGA § 34-9-8 (a), and the Superior Court of Catoosa County affirmed the Board's award. We granted the application for discretionary review and now reverse.

This case is controlled by the recent Supreme Court decision in *Bradshaw v. Glass*, 252 Ga. 429 (314 SE2d 233) (1984). It is uncontroverted that neither appellant, individually nor jointly, had a sufficient number of employees to meet the requirement of OCGA § 34-9-2 (a). Therefore, appellants were excluded from the operation of the Geor-

gia Workers' Compensation Act. Appellee's argument that we should deem the employees of the subcontractor to be employees of the general contractor in order to reach the requisite number of employees was implicitly decided adversely to appellee in *Bradshaw,* supra.

*Judgment reversed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED MAY 25, 1984.

*Maurice M. Sponcler, Jr.,* for appellants.
*Don L. Hartman, Robert A. Wharton, Jr.,* for appellee.