69531. G & M QUALITY BUILDERS, INC. v. DENNISON.
(327 SE2d 773)

POPE, Judge.

Workers' compensation. The sole question to be decided in this appeal is whether or not G & M Quality Builders, Inc. is subject to the Workers' Compensation Act and, thus, liable for the payment of workers' compensation benefits to claimant Dennison. The Administrative Law Judge (ALJ) found: "The claimant sustained an injury by accident on 2-11-83 which arose out of and in the course of his employment with his immediate employer, Leon Franklin, a subcontractor, who was not subject to the [Workers' Compensation] Act because of having only two employees, and, therefore, the employer/principal contractor, G & M Quality Builders, Inc., became primarily liable to claimant. See *Nationwide Mutual Insurance Co. v. Davis*, 146 Ga.

App. 68 [(245 SE2d 322) (1978)]. As a result of this primary liability claimant is entitled to total disability benefits and medical pursuant to OCGA § 34-9-261 from G & M Quality Builders, Inc., employer/ principal contractor." Based in part upon this finding, the ALJ entered an award directing that G & M Quality Builders pay workers' compensation benefits to Dennison. The full board approved the award with certain modifications not here relevant, and this award was affirmed by the superior court.

Under the facts in this case, the Workers' Compensation Act clearly provides that Dennison's claim may be "directly presented to and instituted against" a principal contractor such as G & M Quality Builders. OCGA § 34-9-8 (c). The Act also provides, however, that it shall not apply "to any person, firm, or private corporation . . . that has regularly in service less than three employees in the same business within this state unless such employees and their employers voluntarily elect to be bound." OCGA § 34-9-2 (a). In this regard, our Supreme Court has recently held "that in order to sustain a workers' compensation award entered against a general contractor as the statutory employer of an employee of a subcontractor, the award must show that the general contractor has a sufficient number of employees to bring the claim within the provisions of the Workers' Compensation Act." *Bradshaw v. Glass*, 252 Ga. 429, 431 (314 SE2d 233) (1984). The award in this case contains no such showing, nor is the record evidence dispositive of this issue. Compare *Smith v. Cornette*, 173 Ga. App. 577 (327 SE2d 774) (1985); *Howell v. Parker*, 171 Ga. App. 101 (318 SE2d 811) (1984). Therefore, the judgment of the superior court is reversed with direction that the award herein be vacated and the case remanded to the full board for appropriate findings consistent with this opinion.

*Judgment reversed with direction. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 27, 1985.

*Robert L. Kiser*, for appellant.
*Fred A. Bishop, Jr.*, for appellee.