69314. SMITH v. CORNETTE.
(327 SE2d 774)

POPE, Judge.

Appellee Keith L. Cornette sustained injuries while in the course of his employment with Shane Escue and James Ragsdale who were subcontractors hired to do cornice and siding work by appellant Donald L. Smith. Smith is a general contractor engaged in the construction of residential homes. Cornette was doing siding and cornice work on one of these homes when he fell from a scaffold and injured his ankle. Cornette was the only employee of Escue and Ragsdale; they were, thus, not subject to the Workers' Compensation Act. See OCGA § 34-9-2 (a). Cornette filed a workers' compensation claim against Smith, the general contractor. The award of the administrative law judge ("ALJ") found Escue and Ragsdale to be independent contractors not subject to the Act and held Smith liable as Cornette's statutory employer finding that he "employed more than three employees

whether they were principal, intermediate, prime or subcontractors," including the employees of the subcontractors. On appeal the ALJ's award was made the award of the full board. This was affirmed by the Superior Court of Cherokee County. We granted Smith's application for discretionary review and now reverse.

This case is controlled by our Supreme Court's recent decision in *Bradshaw v. Glass*, 252 Ga. 429 (314 SE2d 233) (1984), which held "that in order to sustain a workers' compensation award entered against a general contractor as the statutory employer of an employee of a subcontractor, the award must show that the general contractor has a sufficient number of employees to bring the claim within the provisions of the Workers' Compensation Act." Id. at 431. In the present appeal, the evidence shows that Smith had no employees. It is clear from the findings of fact contained in the ALJ's award that in order to reach the requisite number of employees to make Smith subject to the Act, subcontractors and their employees were deemed to be employees of the general contractor. As this method of calculation was implicitly disapproved in *Bradshaw v. Glass*, supra (*Howell v. Parker*, 171 Ga. App. 101 (318 SE2d 811) (1984)), and is further unsupported by the evidence, the full board's award holding Smith liable and the trial court's order affirming it must be reversed.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 27, 1985.

*C. Michael Roach*, for appellant.
*N. William Pettys, Jr.*, for appellee.