71877. DENNISON v. G & M QUALITY BUILDERS, INC.
(343 SE2d 786)

BIRDSONG, Presiding Judge.

In the first appearance of this case, we remanded for determination by the Workers' Compensation Board whether the employer G & M Quality Builders has a sufficient number of employees (three or more) to render the employer subject to the Act. *G & M Quality Bldrs. v. Dennison,* 173 Ga. App. 578 (327 SE2d 773). On remand, the board looked at the record and found the employer subject to the Act for having more than three employees as follows: "Mr. George Whitley, as president of G & M Quality Builders, Inc., failed to notify the State Board of Workers' Compensation of an intention to opt out of coverage as a corporate officer (see OCGA § 34-9-2.1). His wife, as secretary/treasurer of the corporation, likewise did not notify the State Board of Workers' Compensation."

The superior court reversed the board's award, finding it was based upon an "erroneous legal theory."

We granted discretionary appeal to determine the unique question that arises here, whether under OCGA § 34-9-2.1 an employer's corporate officers are deemed employees unless they formally declare

themselves exempt by filing a written election (see Board Rule 2.1) with the Board of Workers' Compensation.

We conclude that OCGA §§ 34-9-1 (2) and 34-9-2 (a) and (b) state the intention of the legislature that a corporate officer is an employee for determination of whether the employer has three or more employees, unless he files a written declaration of exemption.

The determination whether a corporate officer is an "employee" under OCGA § 34-9-1 (2) has generally been made ad hoc. See, e.g., *Denis Aerial Ag-Plicators v. Swift*, 154 Ga. App. 742 (269 SE2d 890). But in OCGA § 34-9-1 (2), the legislature provided: "Notwithstanding the foregoing provisions of this paragraph [generally defining "employee"], any officer of a corporation *may elect to be exempt from coverage* under this chapter by filing written certification of such election with the State Board of Workers' Compensation as provided in Code Section 34-9-2.1 of this article." (Emphasis supplied.) OCGA § 34-9-2.1 (a) provides: "A corporate officer *who elects to be exempt* from coverage under this chapter *shall make such election by giving written certification* to the State Board of Workers' Compensation." (Emphasis supplied.)

OCGA § 34-9-2.1 provides "(b) A corporate officer who has exempted himself by proper certification from coverage under this chapter *may at any time revoke such exemption and thereby accept coverage* under this chapter by giving certification to such effect in the same manner as provided in subsection (a) relative to exemption from coverage." (Emphasis supplied.)

Reading these code sections in pari materia, we think it is evident that if a corporate officer must "elect to be exempt" from coverage (OCGA §§ 34-9-1 (2) and 34-9-2.1 (a)), he must first have been included. If he has exempted himself from coverage and then by revoking that exemption "thereby [accepts] coverage," (OCGA § 34-9-2.1 (b)), he must have been included in coverage in the first place. It would be foolish to require an officer to "elect to be exempt" in order to be exempt, if he was already presumed to be exempt.

Therefore, we conclude the legislature intended that a corporate officer shall be presumed to be covered as an employee under the act, unless he "elects to be exempt." The superior court erred in reversing the board's award, which correctly counted the president of G & M Quality Builders, Inc. and the secretary-treasurer as employees because they failed to elect to be exempt in accordance with OCGA §§ 34-9-1 (a) and 34-9-2.1 (b).

*Judgment reversed. Banke, C. J., and Sognier, J., concur.*

DECIDED MARCH 21, 1986 —
REHEARING DENIED APRIL 2, 1986 —

*Fred A. Bishop, Jr.*, for appellant.
*Robert L. Kiser*, for appellee.