43461. G & M QUALITY BUILDERS, INC. v. DENNISON.
(351 SE2d 622)

SMITH, Justice.

We granted certiorari to consider the Court of Appeals opinion in *Dennison v. G & M Quality Builders*, 178 Ga. App. 548 (343 SE2d 786) (1986). We agree with the reasoning of the Court of Appeals, but for reasons set out in Division 2 we reverse.

1. The appellant contends that the Court of Appeals erred in finding that corporate officers are to be counted as employees to determine whether or not a corporation is subject to the workers' compensation laws.

The Court of Appeals held "that OCGA §§ 34-9-1 (2) and 34-9-2 (a) and (b) state the intention of the legislature that a corporate officer is an employee for determination of whether the employer has

three or more employees, unless he files a written declaration of exemption [pursuant to OCGA § 39-9-2.1]." We find no error.

2. The appellant asserts that the Court of Appeals erred in overlooking the fact that there was no evidence to support the findings of fact and conclusions of law made by the Workers' Compensation Board.

On the first appeal of this case, the Court of Appeals stated, " 'in order to sustain a workers' compensation award entered against a general contractor as the statutory employer of an employee of a subcontractor, the award must show that the general contractor [G & M Quality Builders] has a sufficient number of employees to bring the claim within the provisions of the Workers' Compensation Act.' *Bradshaw v. Glass*, 252 Ga. 429, 431 (314 SE2d 233) (1984). The award in this case contains no such showing, nor is the record evidence dispositive of this issue." *G & M Quality Builders v. Dennison*, 173 Ga. App. 578, 579 (327 SE2d 773) (1985). The case was reversed with direction that the award be vacated and the case remanded to the full board for appropriate findings consistent with the opinion. Without hearing any new evidence, the board entered another award in which it adhered to its findings in the first award, and additionally found that both the president and the secretary/treasurer of the corporation failed to notify the State Board of Workers' Compensation of their intention to opt out of coverage pursuant to OCGA § 34-9-2.1.

The appellant appealed the award to the superior court alleging that there was not sufficient competent evidence in the record to warrant the award. After a hearing the trial court reversed the award. The trial court found: 1) that the findings of fact of the State Board of Workers' Compensation were based on files and records of the State Board of Workers' Compensation that were not introduced into evidence in the proceedings, and 2) that the conclusion of the Board that the appellant was subject to the act was based on an erroneous legal theory arrived at by use of records and documents not in evidence in the case. The Court of Appeals did not address the first finding or the appellant's argument that there was no competent evidence to support the findings of the Board.

" 'The burden of showing the employer-employee relationship and of showing that the employer was subject to the provisions of the Act by virtue of having the requisite number of employees or that he had voluntarily accepted its provision rests upon the claimant.' *Sanders Truck &c. Co. v. Napier*, 117 Ga. App. 561 (161 SE2d 440) (1968)." *Goolsby v. Wilson*, 150 Ga. App. 611, 612 (258 SE2d 216) (1979). "It is mandatory upon this court under [OCGA § 34-9-105] to examine the record to see if there is sufficient competent evidence in the record to support the award." *Chevrolet-Atlanta &c. Corp. v. Nash*, 81 Ga. App. 671, 680 (59 SE2d 681) (1950). The Board's find-

ings of fact, in the absence of fraud, are conclusive, but the courts shall set aside an order if "[t]here is no competent evidence in the record to warrant the members making the order or decree complained of. . . ." OCGA § 34-9-105 (c) (4). *Hall v. W. Point Pepperell*, 133 Ga. App. 24 (209 SE2d 659) (1974).

Our review of the record supports the trial court's finding that there was no competent evidence before the Board to support the Board's findings of fact. When no competent evidence is adduced at trial, the party with the burden of proof, here the claimant, loses.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 14, 1987 — RECONSIDERATION DENIED JANUARY 27, 1987.

*Robert L. Kiser*, for appellant.
*Fred A. Bishop, Jr.*, for appellee.
*Freisem, Swann & Malone, C. Cyrus Malone*, amicus curiae.