71877. DENNISON v. G & M QUALITY BUILDERS, INC.
(356 SE2d 678)

BIRDSONG, Chief Judge.

On remand following the first appeal of this case (*G & M Quality Builders v. Dennison*, 173 Ga. App. 578, 579 (327 SE2d 773)) where we held there was no determination as to how many employees the appellant had and the record was "not dispositive" of the issues, the Board of Workers' Compensation held a *de novo* proceeding upon the record then existing, and found as additional facts that two of-

ficers of the corporation had failed to file notices of exemption pursuant to OCGA § 34-9-2, and were therefore employees; the board further made a detailed factual finding that two other persons were employees. The board concluded the employer had three or more employees and was therefore subject to the Act. OCGA § 34-9-2. On appeal of the trial court's reversal of these findings (*Dennison v. G & M Quality Builders*, 178 Ga. App. 548 (343 SE2d 786)), we upheld the board's interpretation of OCGA § 34-9-2; and, the board having "looked at the record" and found no notices of exemption, we reversed the trial court's ruling that the board thus based its finding "upon an erroneous legal theory arrived at by use of board records and documents not in evidence in the case."

The Supreme Court on certiorari reversed our upholding of the board's finding of fact apparently because the board did not consider any new evidence, and its finding was not based on the record (*G & M Quality Builders v. Dennison*, 256 Ga. 617 (351 SE2d 622)).

The appellant has not shown or even suggested on appeal that the findings of fact are wrong or not supported, i.e., that there were notices of exemption filed or that the other two employees were not employees; and there is no suggestion or allegation that there was any new evidence to consider. The board in its discretion is not required to consider any new evidence if there is no new evidence to hear. *Transport Ins. Co. v. Ferguson*, 156 Ga. App. 715 (275 SE2d 354); *Insurance Co. of North America v. Nix*, 141 Ga. App. 342 (233 SE2d 468); *Brown Transport v. Parker*, 129 Ga. App. 737, 740 (201 SE2d 17). The board did conduct a *de novo* proceeding upon the record as it then existed (which was attached by reference in this appeal) and made additional findings; if the board says no notices of exemption were filed, we are bound to accept that fact (*S.S. Kresge Co. v. Black*, 144 Ga. App. 58, 60 (240 SE2d 554)); and we must presume the board considered the entire record in so concluding. *Zurich Ins. Co. v. Robinson*, 127 Ga. App. 113, 118 (192 SE2d 533); *E.Z. Shop &c. v. Pearce*, 100 Ga. App. 785 (2) (112 SE2d 412). Whenever a case is remanded to the board because of insufficient findings of fact, the board may restate its findings based upon the same evidence *where facts disclosed by the record are undisputed* and the evidence demands a certain finding. *McDaniel v. Employers Mut. Liability Ins. Co.*, 104 Ga. App. 340 (121 SE2d 801). The appellant has not disputed the board's findings of fact and we held, and the Supreme Court agreed, that the board did not proceed under an erroneous legal theory. *Williams v. Morrison Assur. Co.*, 138 Ga. App. 191, 193 (225 SE2d 778); *Turner v. Baggett Transp.*, 128 Ga. App. 801, 804 (3) (198 SE2d 412). The only objection is that the board considered matters not in evidence and at the same time did not consider any new evidence. We thought looking at the record and determining a document was not in

it was the best way to prove such a document was never filed, and could not constitute improper consideration of matters "not in evidence." However, the judgment of the trial court to the contrary is affirmed.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED APRIL 9, 1987.

*Fred A. Bishop, Jr.*, for appellant.
*Robert L. Kiser*, for appellee.