673 P.2d 1316

**STATE of New Mexico, Petitioner,**

v.

**Gene Curtis BALLINGER, Respondent.**

**No. 14873.**

Supreme Court of New Mexico.

Jan. 5, 1984.

Paul Bardacke, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for petitioner.

Janet Clow, Chief Public Defender, Lynn Corr, Asst. Appellate Defender, Santa Fe, for respondent.

## OPINION

STOWERS, Justice.

The State of New Mexico petitioned this Court on a writ of certiorari to review the opinion of the Court of Appeals on remand in *State v. Ballinger,* 99 N.M. 707, 663 P.2d 366 (Ct.App.1983). This Court originally granted certiorari in this matter following the first Court of Appeals decision filed July 6, 1982. *State v. Ballinger,* No. 14,440, 21 SBB 1222 (1982). By order of this Court dated February 28, 1983, the case was remanded to the Court of Appeals with instructions to withdraw the opinion filed July 6, 1982. The Court of Appeals made some minor but not sufficient modifications in its remand instructions to the trial court and refiled its opinion.

The question presented for review is whether the testimony of a former co-defendant who turned state's evidence waived the attorney-client privilege as to the communications with his former attorney, and if it did, what was the extent of the waiver.

The respondent and John Rizzo were indicted for the murder of Warren Uecker. Rizzo was originally represented by J. Wayne Woodbury. Woodbury subsequently withdrew when Leon Taylor entered his appearance. In exchange for a grant of immunity, Rizzo agreed to testify against Ballinger. Following the trial court's order granting Rizzo immunity, the respondent moved to prohibit Rizzo from testifying unless attorney Woodbury could be examined about what Rizzo told him when Woodbury represented Rizzo. Rizzo and Woodbury asserted the attorney-client privilege as to all communications. The trial court denied respondent's motion. This Court subsequently denied the respondent's petition for a writ of prohibition regarding the trial court's ruling. *Ballinger v. Hodges,* S.Ct. No. 13,771 (filed July 17, 1981).

At trial, Rizzo testified on direct examination that he had not told his story until a year after Uecker's death for fear that he would be killed and because his first attorney did not explain to him the effect of turning state's evidence. Rizzo claimed that he took this term to mean confessing to do something he did not do. Prior to cross-examination on this matter, the defense asked leave to make an offer of proof, through both Woodbury and Rizzo, as to certain communications regarding what Woodbury had told Rizzo about turning state's evidence. The trial court refused to allow the offer of proof. On cross-examination, Rizzo again testified that Woodbury did not explain or that he did not understand Woodbury's explanation of the meaning of turning state's evidence.

In its first opinion, filed July 6, 1982, the Court of Appeals ruled that respondent's conviction should be reversed and remanded for a new trial:

> [I]n which Rizzo could be examined regarding the entire subject matter of immunity and the facts suggesting it which were discussed with his first attorney.

*State v. Ballinger,* 21 SBB at 1226.

After granting the State's first petition for writ of certiorari, this Court on February 28, 1983 ordered the Court of Appeals to withdraw its first opinion and remand the case to the trial court:

> [F]or the limited purpose of allowing the trial court to take evidence with regard to any immunity granted to Rizzo which specifically related to the issues in this cause, and determine whether it would require a new trial.

The Court of Appeals subsequently withdrew its original opinion. In a *substantially identical document,* differing only in the remedy ordered, the Court of Appeals filed an opinion on remand which states as follows:

> We therefore remand this case to the district court for the limited purpose of receiving evidence from Rizzo and his

first attorney, *and any other witnesses, on the entire subject matter of immunity and the facts suggesting it which were discussed between themselves, or with others in a position to seek or grant immunity to Rizzo.*

*State v. Ballinger,* 99 N.M. at 712, 663 P.2d at 371. (Emphasis added.)

Having reviewed the opinion of the Court of Appeals on remand in light of this Court's order entered on February 28, 1983, we find that the Court of Appeals has not complied with the instructions of this Court. The opinion of the Court of Appeals on remand is altogether too expansive because it allows the trial court to receive additional evidence "on the entire subject matter of immunity and the facts suggesting it." Furthermore, the Court of Appeals would allow on remand, testimony not only from Rizzo and Woodbury but from "any other witness" including "others in a position to seek or grant immunity."

We determine that because Rizzo testified that his prior attorney had not explained the meaning of turning state's evidence to him, the respondent was only entitled to inquire whether Woodbury had explained immunity to Rizzo.

The opinion of the Court of Appeals on remand is reversed insofar as it relates to the issue of the attorney/client privilege. This cause is hereby remanded to the Court of Appeals with instructions to withdraw their second opinion and to remand this cause to the trial court:

[F]or the limited purpose of allowing the trial court to take evidence with regard to any immunity granted to Rizzo which specifically relates to the issues in this cause, and determine whether it would require a new trial.

The evidence to be taken shall relate to and is limited to only those conversations that John Rizzo had with his first attorney, J. Wayne Woodbury, regarding what turning state's evidence meant, and John Rizzo's understanding of that explanation.

IT IS SO ORDERED.

FEDERICI, C.J., and PAYNE and RIORDAN, JJ., concur.

DAN SOSA, Jr., Senior Justice, not participating.