A91A0632. KING v. JAMES KING CLEANERS & LAUNDRY et al.
(405 SE2d 909)

BEASLEY, Judge.

James King, owner and sole proprietor of James King Cleaners & Laundry, was robbed and murdered on December 15, 1988, while taking a bank deposit to his van in the parking lot of his business. His widow filed a workers' compensation claim asserting that he was an employee of the business. Cincinnati Insurance Company, the workers' compensation carrier, controverted the claim. The ALJ and the board concluded that King was not covered because he was not an employee. The award was affirmed by the superior court and claimant's application for discretionary review was granted.

Our consideration concerns whether under the facts presented King was an employee as a matter of law. The evidence is construed in the light most favorable to the prevailing party. *Home Idem. Co. v Swindle*, 146 Ga. App. 520 (1) (246 SE2d 507) (1978).

OCGA § 34-9-2.2 provides that a sole proprietor of a business may elect to be included as an employee under the workers' compen

sation coverage of the business (1) if he is actively engaged in the operation of the business, and (2) if the insurer is notified of his election to be included. Cincinnati first issued a workers' compensation policy to King Cleaners in 1987, and from January 1, 1987, to January 1, 1988, King was not included. For the following crucial year there is no evidence that King elected to be included under employee coverage or that he notified Cincinnati as required by the Code.

The policy was listed in the name of King Cleaners and King "Individually." There was also a policy provision which stated: "You are insured if you are an employer named in item 1 of the Information page." Contrary to claimant's assertions this does not establish whether King was insured as an employee but only that he was insured as an employer. See *Scoggins v. Aetna Cas. &c. Co.*, 139 Ga. App. 805, 808 (229 SE2d 683) (1976). There was also evidence that the agency which handled the insurance included the sole proprietor as an insured employee as a matter of course. However, no premium based on his salary was charged for 1987. This and the lack of any evidence that King elected to be so insured or notified Cincinnati of his decision is fatal to the contention that a finding for claimant of election was demanded as a matter of law.

This leaves the subordinate issue of whether Cincinnati was estopped from contesting King's right to be covered by issuing a policy of compensation insurance. See OCGA § 34-9-124 (b). In January 1989 an independent agency conducted an audit of King Cleaners for Cincinnati to determine what amount the actual premium for 1988 should have been, based upon the total salaries of King Cleaners' employees. At that time Turner, the accountant for King Cleaners and administrator of the estate of King, informed the auditor that King should be included as an employee in the total compiled salary. The claim for death benefits had already been controverted. Based upon a formula figure for King's salary plus the amount the total salary figure exceeded the estimated amount ($130,000), the premium was recomputed. This resulted in Cincinnati billing the business an additional $750 in premium for 1988. A subsequent audit revealed that King's salary was incorrectly included in the total figure. After its deduction a refund of $420 was returned to King Cleaners.

Claimant contends that, under OCGA § 34-9-124, Cincinnati's actions preclude the defense that King was not an employee. However, *Scoggins*, supra at 807, held that this Code section applies only to "employees ordinarily exempt from its provisions." Thus, it could not apply to an employer. Second, Cincinnati did not issue a policy of compensation covering King during 1988, the time when he died. Reliance cannot be retroactively acquired to compel the application of the Code section. The board found as a matter of fact that there was no waiver of its defense by Cincinnati, and under the any evidence

rule we must accept its judgment.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 28, 1991.

*E. Neal Little, Jr.*, for appellant.
*Gene F. Cantrell*, for appellees.