835 P.2d 835

**Cathi RICHARDSON, Plaintiff–Appellant,**

v.

**Charles N. GLASS, John T. Fitzpatrick, Ira Bolnick, individually, and the Law Offices of Glass, Fitzpatrick & Bolnick, Defendants–Appellees.**

**No. 20362.**

Supreme Court of New Mexico.

Aug. 4, 1992.

Eaton & Hart, P.C., Roger V. Eaton, F. Michael Hart, Albuquerque, for plaintiff-appellant.

Rodey, Dickason, Sloan, Akin & Robb, P.A., Patrick M. Shay, Albuquerque, for defendant-appellee Charles N. Glass.

Civerolo, Hansen & Wolf, P.A., Bruce T. Thompson, Albuquerque, for defendants-appellees John T. Fitzpatrick, Ira Bolnick, and the Law Offices of Glass, Fitzpatrick & Bolnick.

## OPINION

FROST, Justice.

Plaintiff, Cathi Richardson, appeals the summary judgment entered in favor of defendants, which dismissed plaintiff's claims of legal malpractice and breach of contract. Plaintiff's claims arose from defendants' advise to settle a personal injury suit against Daniel Castillo who caused injuries to plaintiff in an automobile accident during his lunch break. On plaintiff's behalf, defendants negotiated a settlement with Castillo, which required plaintiff to sign a general release of liability in favor of Castillo. Subsequently, a suit filed by plaintiff against Castillo's employer, alleging respondeat superior, was dismissed with prejudice upon the district court's determination that the general release barred any claims against the employer as a matter of law. Plaintiff then sued defendants alleging that but for their erroneous advice she could have been made whole in her first lawsuit in that she could have recovered from Castillo's employer the damages not paid by Castillo. Defendants answered that Castillo was not in the scope of his employment at the time of the accident and, therefore, even if counselling plaintiff to sign the release was in error, plaintiff was not harmed because her underlying claim against the employer was without merit. Defendants' motion for summary judgment on this issue was granted by the trial court. This appeal followed.

Plaintiff alleges the district court erred in granting summary judgment because she produced "substantial competent evidence" to contradict defendants' contention that Castillo was outside the scope of his employment at the time of the accident, and, therefore, the issue should have been decided by the fact finder and not by the court as a matter of law. We affirm.

Plaintiff filed this case in October 1990, thereby coming under the 1989 amendment to our summary judgment rule, SCRA 1986, 1–056. This appeal particularly concerns the procedure mandated by Subsection (D)(2):

The moving party shall submit to the court a written memorandum containing a short, concise statement of the reasons in support of the motion with a list of authorities relied upon. A party opposing the motion shall * * * submit to the court a written memorandum containing a short, concise statement of the reasons in opposition to the motion with authorities. The moving party may * * * submit a written reply memorandum.

The memorandum in support of the motion shall set out a concise statement of all of the material facts as to which the moving party contends no genuine issue exists. The facts shall be numbered and shall refer with particularity to those portions of the record upon which the moving party relies.

A memorandum in opposition to the motion shall contain a concise statement of the material facts as to which the party contends a genuine issue does exist. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and shall state the number of the moving party's fact that is disputed. All material facts set forth in the statement of the moving party shall be deemed admitted unless specifically controverted.

The following material facts were set out in defendants' memorandum in support of their motion:

1. On July 24, 1986, an accident occurred between Cathi Richardson and Daniel Castillo. (Complaint at ¶ 2).

2. Plaintiff retained the law firm of Glass, Fitzpatrick & Bolnick ("the Firm") to represent her with respect to her claim. (Complaint at ¶ 3).

3. The firm negotiated a settlement with Daniel Castillo on behalf of Cathi Richardson. (Complaint at ¶¶ 5–6).

4. No allegation is made as to the adequacy of the settlement with Daniel Castillo. (Complaint).

5. In connection with the settlement, a Release of Liability was prepared and signed. (*Id.* at ¶ 6).

6. Suit was filed against Pat Goodwin's alleging respondeat superior liability in Pat Goodwin's for injuries caused

by Pat Goodwin's employee, Daniel Castillo. (Complaint, *Richardson v. Pat Goodwin's Office Equipment Co.*, CV 89–00292, copy attached as Exhibit 1).

7. The action against Pat Goodwin's was dismissed with prejudice because the release of Daniel Castillo was held as a matter of law to have released Pat Goodwin's. (Motion for Summary Judgment and Order re CV 89–00292: copies attached as Exhibits 2 and 3).

8. Pat Goodwin's asserted in its Answer to the complaint in No. CV 89–00292, in part that "Defendant denies that at the time of the accident alleged in plaintiff's Complaint, Daniel Castillo was acting within the course of his employment with defendant." (Copy attached as Exhibit 4).

9. Daniel Castillo, in his employment with Pat Goodwin's, was required to drive his own vehicle to various locations. (Affidavit of Daniel Castillo at ¶ 3: copy attached as Exhibit 5).

10. At the time of the accident, Daniel Castillo was returning to work from a lunch break. (Affidavit of Daniel Castillo at ¶ 5).

11. Daniel Castillo's last work call prior to lunch was at Carlisle and Comanche. Pat Goodwin's was located on South San Pedro. Rather than return to work following the last work call, Daniel Castillo went home for lunch. Daniel Castillo resided at Louisiana and Montgomery. Following lunch, Daniel Castillo was returning to work at the time of the accident. The accident occurred on Louisiana, north of Comanche. (Affidavit of Daniel Castillo at ¶¶ 4–5).

12. The accident occurred at a location farther north than Daniel Castillo would have been in the course of his employment and farther east than he would have been in the course of his employment (judicial notice). (Affidavit of Mary Golden: copy attached as Exhibit 6).

13. Daniel Castillo did not consider that he was in the course and scope of his employment at the time of the accident. (Affidavit of Daniel Castillo at ¶ 6).

14. Cathi Richardson, by and through her agent-attorney, David Pearlman, represented that she believed that Daniel Castillo was not in the course and scope of his employment at the time of the accident. (Affidavit of David Houliston at ¶ 6: copy attached as Exhibit 7).

It should be noted that pursuant to plaintiff's motion to strike Castillo's affidavit, the district court ordered that portion stricken where Castillo testified he was not within the course of his employment at the time of the accident; however, the court did permit his testimony that during lunch breaks he was on his own time. In the same order, the trial court took judicial notice of the relative location of the various streets relevant to the parties' dispute.

Plaintiff's response to the motion alleged the inappropriateness of summary judgment "because a substantial question of material fact remains whether Daniel Castillo was acting within the scope of his employment at the time he injured Plaintiff." Plaintiff supported her opposition to the motion with a memorandum of law and affidavits from the employer's general manager, Castillo, and herself. Plaintiff's memorandum of law contains two distinct parts: a factual background and an argument. The memorandum does not "contain a concise statement of the material facts as to which the party contends a genuine issue does exist" nor is each fact in dispute numbered or referenced with particularity to the record. In addition, plaintiff failed to state the number of defendants' facts that are disputed. Rather than dispute the facts set out in the motion, plaintiff asserts other facts, most of which defendants do not dispute as argued in their answer brief. Only parenthetically does plaintiff dispute the general manager's affidavit by stating that it "fails to establish facts which require that summary judgment be entered in Defendant's [sic] favor" and the employer's attorney's affidavit by stating it "is disputed in its entirety, and therefore can not [sic] be the basis of a summary judgment."

■ Plaintiff failed in her burden to oppose the motion for summary judgment. Plaintiff's response to the motion and her supporting memorandum do not controvert any facts in the manner mandated by Rule 1–056(D)(2). The rule establishes that the material facts set forth by the moving party "shall be deemed admitted unless specifically controverted." If these facts are taken as true, then the conclusion must be that Castillo was not acting within the scope of his employment at the time of the accident. Accordingly, based on the pleadings, the district court found no question of material fact and properly entered summary judgment in favor of defendants as a matter of law.

■ Where facts are not in dispute and the only issue is the legal effect of those facts, summary judgment is proper. *Koenig v. Perez*, 104 N.M. 664, 666, 726 P.2d 341, 343 (1986). Here, the legal question is whether Castillo was acting within the scope of his employment at the time of the accident based on the uncontroverted facts before the court. New Mexico's uniform jury instruction, SCRA 1986, 13–407, defines scope of employment and is the legal standard applicable to this case:

> An act of an employee is within the scope of employment if: (1) It was something fairly and naturally incidental to the employer's business assigned to the employee, and (2) It was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee.

*See Benham v. All Seasons Child Care, Inc.*, 101 N.M. 636, 638, 686 P.2d 978, 980 (Ct.App.) (Judge Wood cites instruction and reviews New Mexico case law interpreting the term "scope of employment"), *cert. denied*, 101 N.M. 686, 687 P.2d 743 (1984).

■ Defendants made out a prima facie case supported by the following unchallenged material facts: (1) the denial, made by the employer in its answer to the complaint, that Castillo was acting within the course of his employment; (2) statements made by Castillo in his affidavit that at the time of the accident he was on his own time, returning to the shop from his lunch break, and that his employer required him to drive his own vehicle; (3) the statement made by the employer's general manager that the accident occurred at a location where Castillo would not have been in the course of his employment; and (4) plaintiff's affidavit testimony of her belief that Castillo was not acting within the scope of his employment at the time of the accident. From these facts, the district court properly determined that, at the time of the accident, Castillo was acting entirely for his purpose and not one incident to his employment.

"It is well settled in New Mexico that employers are not responsible for an employee's negligence in operating a motor vehicle enroute [sic] to or from work absent additional circumstances evidencing control by the employer at the time of the negligent act by the employee." *Zamora v. Foster*, 84 N.M. 177, 178, 500 P.2d 1001, 1002 (Ct.App.1972). Aside from plaintiff's failure to controvert defendants' asserted material facts, plaintiff also failed to establish that Castillo's employer exercised any control over him while he drove to the shop after lunch breaks. The only showing here is that Castillo was on his personal time at the time of the accident.

■ Plaintiff had the burden of not only proving her counsel's negligence, but also that she would have recovered at trial in the underlying action. *See George v. Caton*, 93 N.M. 370, 600 P.2d 822 (Ct.App.) (in legal malpractice action measure of damages is amount that would have been recovered by client except for attorney's negligence), *cert. quashed*, 93 N.M. 172, 598 P.2d 215 (1979). Accordingly, the district court's dismissal of the claim is affirmed.

IT IS SO ORDERED.

MONTGOMERY and FRANCHINI, JJ., concur.