882 P.2d 48

Susan JUNGE, Individually and as Personal Representative of the Estate of John D. Morgan, and as Parent and Natural Guardian of Katherine Rachel Junge Morgan, Claimant–Appellant,

v.

JOHN D. MORGAN CONSTRUCTION COMPANY and Mountain States Mutual Casualty Company, Respondents–Appellees.

No. 15135.

Court of Appeals of New Mexico.

Aug. 3, 1994.

J. Michele Guttmann, Freedman, Boyd, Daniels, Peifer, Hollander, Guttmann & Goldberg, P.A., Cynthia A. Fry, Albuquerque, for claimant-appellant.

Katherine E. Tourek, Bradley & McCulloch, P.A., Albuquerque, for respondents-appellees.

## OPINION

APODACA, Judge.

Susan Junge (Claimant), as personal representative of the estate of John D. Morgan (Decedent), appeals the workers' compensation judge's order (judge) denying her motion for summary judgment and granting the motion for summary judgment of John D. Morgan Construction Company (Company) and Mountain States Mutual Casualty Company (Insuror). The judge held that Claimant was not entitled to workers' compensation benefits because Decedent, the owner of the Company, had not elected to be covered as a worker under the workers' compensation policy issued by Insuror to the Company. Claimant raises the following issues on appeal: whether (1) the Company and Insuror were entitled to summary judgment, even though they failed to comply with SCRA 1986, 1–056 (Repl.1992); (2) Decedent had elected to be covered as a worker by filing a certificate of insurance with the Workers' Compensation Administration (Administration); (3) the terms of the insurance policy covered Decedent; and (4) in construing the terms of the insurance policy, the judge relied on hearsay evidence concerning Decedent's intent. We hold that the judge did not err in granting summary judgment to the Company and Insuror, because Decedent had not elected to be covered as a worker in the manner required by the Workers' Compensation Act and because the policy did not cover Decedent as a worker but only as an employer. We also hold that Insuror and the Company sufficiently complied with the requirements of SCRA 1–056 and that the evidence of Decedent's intent was admissible. We thus affirm the judge's order.

BACKGROUND

Decedent was a general contractor and the sole owner of the Company, a construction business. In August 1991, the Company had two employees, but Decedent also performed work for the Company. On August 14, 1991, Decedent was killed in a work-related accident while operating a backhoe for the Company at a construction site.

At the time of Decedent's death, a workers' compensation insurance policy issued by Insuror to the Company was in effect. The policy stated that the insured in Item 1 on the declarations page was John D. Morgan d/b/a John D. Morgan Construction Company, an individual. It also provided that

"[y]ou are insured if you are an employer named in item 1 of the Information Page." The policy expressly limited coverage for partners by stating that, "[i]f that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees." No similar language concerning sole proprietors was included in the policy.

The policy did not cover individual workers, but rather covered categories of work. Among the categories of work covered by the policy were contractor-executive supervisor/superintendent; excavation and drivers; and concrete/cement work-floors/driveways. There was evidence that, at the time of his death, Decedent was performing work that would have likely fallen within the contractor-executive supervisor/superintendent category if he was deemed covered under the policy as an employee/worker. Pursuant to certain statutory provisions noted below, certificates of insurance reflecting Decedent's purchase of workers' compensation insurance were filed with the Administration, but Decedent did not file an "Election to Accept" form with the Administration.

Claimant filed a claim to receive benefits under the policy. Before filing the summary judgment motion, Claimant moved to exclude testimony concerning Decedent's expressed intent regarding his purchase of workers' compensation insurance. The judge denied the motion. Relying on the statutory language and the terms of the policy, Claimant then moved for partial summary judgment on the issue of whether the policy covered Decedent as a worker. The Company and Insuror responded to the motion and filed a cross-motion for summary judgment. In their motion, the Company and Insuror relied on the deposition testimony of several insurance agents and personnel regarding Decedent's purchase of the policy and his decision not to purchase the sole proprietorship protection. Claimant objected to this testimony as inadmissible.

At the summary judgment hearing, the judge overruled Claimant's objection to the admission of the deposition testimony. The judge concluded that Decedent was not covered under the policy, relying in part on the agents' testimony. Additional facts will be discussed as necessary.

## DISCUSSION

### I. *Compliance with Applicable Rules.*

Claimant initially contends that the Company and Insuror were not entitled to summary judgment because they failed to comply with SCRA 1–056 in responding to Claimant's motion for summary judgment and in filing their own motion for summary judgment. The Company and Insuror argue on appeal that Claimant failed to preserve this issue because she did not obtain a ruling on the issue by the judge. We conclude that Claimant preserved the issue of whether SCRA 1–056 was incorporated into the Administration's rules and regulations by objecting in her reply to the form of the Company's and Insuror's response to Claimant's motion and their cross-motion for summary judgment. *See* SCRA 1986, 12–216(A) (Repl. 1992); Rules Governing Formal Hearings, 92.3.13 (WCA 92.3, October 1992).

The Company and Insuror argue that they were not required to comply with SCRA 1–056 because their combined response to Claimant's motion and motion for summary judgment complied with the applicable rule promulgated by the Workers' Compensation Administration. That rule states:

A. Requirement of Written Motions

All motions unless made during a hearing or permitted by the Workers' Compensation Judge, shall be in writing and shall state with particularity the grounds therefore [sic] and the relief or order sought.

Rules Governing Formal Hearings, 92.3.8: Motions (WCA 92.3, October 1992). Claimant contends that, because neither Rule 92.-3.8 nor any other Administration rule specifically mentions motions for summary judgment, SCRA 1–056 is incorporated into the Administration's rules. *See* Rules Governing Formal Hearings, 92.3.1 (WCA 92.3, October 1992) (unless otherwise provided in the Administration's rules or the Workers' Compensation Act, the rules of civil procedure for the district courts of New Mexico apply); *see also* NMSA 1978, § 52–5–4 (Repl.Pamp.1991) (director authorized to adopt rules and regu-

lations, including provisions governing resolution of claims).

■ We agree with Claimant's contention. The Administration's rules provide that "[e]xcept where explicitly provided or necessarily implied in these Rules, the Workers' Compensation Act or the Occupational Disease Disablement Act, the Rules of Civil Procedure for the District Courts of New Mexico shall apply." Rule 92.3.1. Although Rule 92.3.8 sets out basic requirements for motions, it does not explicitly or necessarily set forth all the requirements for particular types of motions. In such a situation, we believe that, under Rule 92.3.1, the requirements of the applicable rule of civil procedure for the district courts would apply. Because the Administration's rules do not specifically address the requirements for a summary judgment motion, we conclude the requirements of SCRA 1–056 are therefore applicable to motions for summary judgment made in proceedings before the Administration. The Company and Insuror were thus required to comply with SCRA 1–056.

In light of this determination, we must consider whether the Company's and Insuror's combined response to Claimant's motion for partial summary judgment and cross-motion for summary judgment complied with SCRA 1–056. Claimant contends the Company's and Insuror's combined response and motion were deficient because the pleading did not: (1) contain a concise statement of disputed material facts; (2) number each disputed fact; and (3) state the number of Claimant's facts that the Company and Insuror sought to dispute. Thus, she contends, the pleading failed to comply with SCRA 1–056(D)(2), which states in part:

A memorandum in opposition to the motion shall contain a concise statement of the material facts as to which the party contends a genuine issue does exist. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and shall state the number of the moving party's fact that is disputed. All material facts set forth in the statement of the moving party shall be deemed admitted unless specifically controverted.

■ Relying on *Richardson v. Glass*, 114 N.M. 119, 835 P.2d 835 (1992), Claimant argues that these procedural defects required the judge to grant her motion for partial summary judgment. *See id.* at 121–22, 835 P.2d at 837–38. We disagree. In *Richardson*, the plaintiff failed to properly dispute the defendants' facts. The facts were therefore deemed admitted. *Id.* at 122, 835 P.2d at 838; SCRA 1–056(D)(2). However, even if the movant's facts are deemed admitted, this admission does not require the granting of the movant's motion for summary judgment. The defendants in *Richardson* were granted summary judgment because, based on the admitted facts, they were entitled to summary judgment as a matter of law. *Id.*

■ In contrast, here, the Company and Insuror did not dispute Claimant's facts. Those facts were therefore deemed admitted under SCRA 1–056(D)(2). Nonetheless, Claimant still had the burden of proving that she was entitled to summary judgment as a matter of law. *See* SCRA 1–056(C). What the Company and Insuror disputed was Claimant's interpretation of the legal effect of her undisputed facts. The requirement that Claimant argues the Company and Insuror did not comply with applies only when the non-moving party disputes the moving party's facts. Because the Company and Insuror did not dispute the facts here, they were not required to comply with the requirements of SCRA 1–056(D)(2). It follows that Claimant was not automatically entitled to summary judgment on the basis of an allegedly improper response.

■ The more difficult question is whether the Company's and Insuror's cross-motion for summary judgment complied with SCRA 1–056(D)(2), and, if not, whether such noncompliance warranted denial of their cross-motion. Our review of the record indicates that the Company's and Insuror's combined response and cross-motion did indeed set forth numerous additional facts. However, although the facts referred with particularity to the record, as required by SCRA 1–056(D)(2), the motion failed to individually number those facts, another requirement of the rule.

We do not believe that this failure compelled denial of the Company's and Insuror's motion for summary judgment. Unlike the plaintiff in *Richardson*, the Company and Insuror did not completely fail to comply with the requirements of SCRA 1–056(D)(2). *Cf. Richardson*, 114 N.M. at 121, 835 P.2d at 837 (memorandum did not contain a concise statement of material facts as to which the party contended a dispute existed, the facts were not numbered, and the facts were not referenced with particularity to the record). Here, the Company and Insuror failed only to number their facts. Claimant has not shown she was prejudiced by this failure. For this reason, we believe Claimant is placing undue emphasis on form over substance. We therefore conclude that the Company's and Insuror's motion substantially complied with the requirements of SCRA 1–056(D)(2) and the judge properly considered their cross-motion for summary judgment. We thus proceed to consider the merits of the judge's decision.

## II. *Summary Judgment.*
### A. *Standard of Review.*

A party is entitled to summary judgment if there are no material issues of fact and the movant is entitled to summary judgment as a matter of law. *Koenig v. Perez*, 104 N.M. 664, 666, 726 P.2d 341, 343 (1986). The burden is on the moving party to make a prima facie showing of entitlement to summary judgment. *Id.* Once the movant makes a prima facie showing of entitlement to summary judgment, the burden shifts to the opposing party to demonstrate at least a reasonable doubt as to whether a genuine issue for a hearing on the merits exists. *Id.* If the facts are not in dispute, but only their legal effect must be determined, summary judgment is proper. *Id.*

### B. *Filing of Certificate of Insurance.*

Claimant alleges that she made a prima facie showing of summary judgment because she demonstrated that Decedent had elected to be covered as a worker by causing certificates of workers' compensation insurance to be filed with the Administration and, in doing so, complied with NMSA 1978, Section 52–1–

4(A) (Repl.Pamp.1991) (effective January 1, 1991), and NMSA 1978, Section 52–1–6(B) (Repl.Pamp.1991) (effective January 1, 1991, to January 1, 1992).

Section 52–1–6(B) states:

An election to be subject to the Workers' Compensation Act by employers of private domestic servants or farm and ranch laborers, by persons for whom the services of qualified real estate sales persons are performed or by a partner or self-employed person may be made by filing, in the office of the director, either a sworn statement to the effect that the employer accepts the provisions of the Workers' Compensation Act *or* an insurance or security undertaking as required by Section 52–1–4 NMSA 1978. (Emphasis added.)

In turn, Section 52–1–4 states in part:

A. Every employer subject to the Workers' Compensation Act [this article] shall direct his insurance carrier to file, and the insurance carrier shall file, in the office of the director evidence of workers' compensation insurance coverage in the form of a certificate containing that information required by regulation of the director. . . .

. . . .

C. Every contract or policy insuring against liability for workers' compensation benefits or certificate filed under the provisions of this section shall provide that the insurance carrier or the employer shall be directly and primarily liable to the worker and, in event of his death, his dependents, to pay the compensation and other workers' compensation benefits for which the employer is liable.

It is undisputed that Decedent did not file a sworn statement to the effect that he, as a self-employed person, accepted the provisions of the Act. *See* § 52–1–6(B). Claimant contends, however, that Decedent elected to come under the Workers' Compensation Act as a worker, as well as an employer, by complying with the alternative method offered under Section 52–1–6(B)—the filing of an insurance or security undertaking as required by Section 52–1–4. On the other hand, the Company and Insuror urge us to read Section 52–1–6(B) in context with Sec-

tion 52–1–4(C) to hold that the certificate of insurance filed with the Administration must state expressly that the self-employed person elects to be considered a worker under the Act. We believe that this latter contextual interpretation conforms to what we consider to be the true legislative intent. On the other hand, Claimant's interpretation of these provisions misconstrues their purpose, which is to provide for the procedure to be followed by otherwise exempt employers when they desire to elect coverage under the Act *as employers*, not as workers.

When interpreting statutory language, our primary goal is to determine and give effect to the intent of the legislature. *State ex rel. Klineline v. Blackhurst*, 106 N.M. 732, 735, 749 P.2d 1111, 1114 (1988). Under the relevant rules of statutory construction, we will read the statute as a whole and in conjunction with the related statutory provisions. *Incorporated County of Los Alamos v. Johnson*, 108 N.M. 633, 634, 776 P.2d 1252, 1253 (1989). "[W]e must … give a statute its literal reading if the words used are plain and unambiguous, provided such a construction would not lead to an injustice, absurdity or contradiction." *Atencio v. Board of Educ.*, 99 N.M. 168, 171, 655 P.2d 1012, 1015 (1982). However, the plain meaning rule is only a guideline for determining the legislative intent, and the manifest intent of the legislature will prevail over a mechanistic reading of the statute. *Martinez v. Research Park, Inc.*, 75 N.M. 672, 677, 410 P.2d 200, 203 (1965). Applying these rules, we interpret Section 52–1–6(B) as requiring a self-employed person to file either a sworn statement that he has elected to be covered under the Act as an employee/worker or to file an insurance or security undertaking expressly stating that he is covered as an employee/worker under the Act.

Section 52–1–6(A) defines categories of employers that are subject to the Act and also limits its application to employers of three or more persons. The Act does not apply to employers of farm or ranch laborers. *Id.* Section 52–1–6(B) provides that certain employers who would otherwise be exempt from application of the Act may nonetheless elect to have the provisions of the Act apply.

If such an election is made, the employer and that employer's workers accept the provisions of the Act as their exclusive remedy. Section 52–1–6(D) & (E). Among those who may elect to accept the act as their exclusive remedy are self-employed persons. Section 52–1–6(B). As a self-employed person who employed fewer than three people, Decedent was therefore not subject to the Act as either an employer or a worker unless he made an election as required by Sections 52–1–6(D) and (E).

Both Section 52–1–4 and Section 52–1–6 distinguish between employers and workers. Section 52–1–4(C) provides that workers' compensation policies must provide that the insuror or employer will be liable to the worker for any benefits for which the employer is liable. Section 52–1–6(C) states that "[e]very worker shall be conclusively presumed to have accepted the provisions of the Workers' Compensation Act if his employer is subject to the provisions of that act and has complied with its requirements, including insurance." In addition, NMSA 1978, Section 52–1–16(A) (Repl.Pamp.1991), defines "worker" as "any person who has entered into the employment of or works under contract of service or apprenticeship with an employer." The act therefore requires "workers" to have a valid contractual relationship with an "employer." *See, e.g., Maynerich v. Little Bear Enters., Inc.*, 82 N.M. 650, 652, 485 P.2d 984, 986 (Ct.App. 1971). We thus determine that the Act clearly distinguishes between employers and workers. Because self-employed persons who employ fewer than three other persons are not subject to the Act as either employers or workers unless they elect to be, *see* § 52–1–6(B), it would be unreasonable to conclude that the filing of a certificate of insurance indicating coverage of a sole proprietor automatically constitutes an election by that self-employed person to be covered as a worker under the Act. Consequently, we conclude that an insurance certificate demonstrating that a self-employed person or sole proprietor has purchased insurance for his workers is insufficient to demonstrate that the sole proprietor has elected to be

considered a worker under the Act for purposes of coverage.

■ This interpretation comports with the law of other jurisdictions. Generally, sole proprietors and partners are not considered workers of their own companies or businesses unless an election to be so considered is made. *See Gilbert v. Gilbert Timber Co.,* 292 Ark. 124, 728 S.W.2d 507, 508–09 (1987); *King v. James King Cleaners & Laundry,* 199 Ga.App. 796, 405 S.E.2d 909, 910 (1991); *Carney v. Liberty Mut. Ins. Co.,* 277 So.2d 175, 177 (La.Ct.App.1973); *Johnson v. Pennsylvania Millers Mut. Ins. Co.,* 292 S.C. 33, 354 S.E.2d 791, 793 (App.1987). As stated in *Boyd–Scarp Enterprises, Inc. v. Saunders,* 453 So.2d 161, 163 (Fla.Dist.Ct.App.1984), "a sole proprietor may not be his own employee because there is no entity apart from the individual which could be considered the individual's employer." *See also Gilbert,* 728 S.W.2d at 508 (sole proprietors are not separate entities from the employer; an individual who was both employer and employee would involve the contradiction of liability to himself).

■ The facts of this case demonstrate that, although Decedent accepted the provisions of the Act as an *employer,* he never accepted the provisions of the Act as a *worker.* The Administration had on file certificates of insurance filed on behalf of John D. Morgan Construction Company for its employees from 1985 to 1991. These filed certificates were for the benefit of the Company's workers, not for Decedent's benefit as the employer. *See Shope v. Don Coe Constr. Co.,* 92 N.M. 508, 510, 590 P.2d 656, 658 (Ct.App.1979) (mandatory filing requirement of Section 52–1–4 is to notify worker of employer's compliance with the Act). Thus, Decedent caused certificates of insurance to be filed only on behalf of the Company, and not on his own behalf. We therefore hold that the certificates of insurance filed on behalf of John D. Morgan Construction Company did not constitute an election by Decedent to accept the provisions of the Act as a worker. For a determination of the existence or non-existence of Decedent's coverage as a worker, we now necessarily turn to the provisions of the insurance policy or contract.

## C. *Insurance Policy Terms.*

Claimant argues that the "unambiguous" terms of the insurance policy indicate that Decedent was covered under the policy. She points to the fact the policy insured John D. Morgan d/b/a John D. Morgan Construction Company, an individual; that the terms provided that "[y]ou are insured if you are an employer named in item 1 of the Information Page"; and that, although the policy specifically limited coverage for partners, it contained no similar limiting language regarding sole proprietors. Claimant therefore concludes that Decedent was covered by the policy as both an employer and a worker.

■ We are not persuaded. To the contrary, the only reasonable interpretation of the sentence in the policy is that Decedent was insured only as an employer. *See King,* 405 S.E.2d at 910 (construing identical language in a workers' compensation insurance policy where widow of deceased sole proprietor made a claim under policy, court concluded that the language established "only that [the sole proprietor] was insured as an employer").

■ Even assuming, without deciding, that this language was ambiguous and could be interpreted as including coverage for Decedent *as a worker,* the extrinsic evidence clearly demonstrated that Decedent did not intend the policy to cover him as a worker. Because Decedent had been unable to buy insurance in the private sector, his application was made through the assigned risk pool to the National Council on Compensation Insurance (NCCI) to be assigned a carrier. Norine Minion and Jerry Shaw, who were employees of Shaw and Associates, the insurance agency that handled the purchase of the Company's workers' compensation insurance policies from about 1985 until Decedent's death, testified concerning Decedent's intent at the time he purchased the policy.

Shaw testified that in 1985, when Decedent purchased the original policy, Shaw explained to Decedent that, in order for Decedent to receive benefits as an employee, he would

have to elect coverage and pay the premium. Shaw also said that Decedent had specifically told him that Decedent did not want to be covered under the policy as an employee.

Minion testified that in 1991, when she met with Decedent to review his account, she discussed the purchase of sole proprietor coverage with him. She stated that, when she told Decedent the cost of the premium, Decedent's reaction was " 'Well, you know, that's too much,' you know, 'forget that.' " Minion further testified that it was Decedent's "philosophy" to purchase the "bare minimum" of insurance coverage.

■■■ Claimant objected to the admission of Minion's and Shaw's depositions. We reject Claimant's argument that the deposition testimony was inadmissible hearsay. "When evidence is admissible under any theory, the trial court's decision to admit it will be upheld." *State v. Ballinger,* 99 N.M. 707, 709, 663 P.2d 366, 368 (Ct.App.1983), *rev'd on other grounds,* 100 N.M. 583, 673 P.2d 1316 (1984). Based on our review of the record, we conclude that the evidence of Decedent's statements was not hearsay. Proof of statements made in connection with negotiating a contract had independent legal significance and is therefore not offered for the proof of the matter asserted. *See In re Estate of Bergman,* 107 N.M. 574, 578, 761 P.2d 452, 456 (Ct.App.1988) (citing *National Labor Relations Bd. v. H. Koch & Sons,* 578 F.2d 1287 (9th Cir.1978); *Gyro Brass Mfg. Corp. v. United Auto. Aircraft & Agric. Implement Workers of Am.,* 147 Conn. 76, 157 A.2d 241 (1959)). We therefore conclude the judge properly considered the statements.

Even if we were to assume that this testimony was inadmissible, there was additional evidence that Decedent did not intend the policy to cover himself as a worker. This evidence included the following: On May 8, 1985, Insuror, which had been assigned by NCCI to provide insurance to the Company, sent a letter to the Company notifying the Company that Insuror had been selected to supply workers' compensation insurance. Additionally, the letter stated that, "[s]hould a *SOLE PROPRIETOR,* AND/OR *PARTNER(S)* desire coverage, please indicate name(s) and duties so proper class code may

be assigned. A revised quote may be necessary. Premium is based on a *FLAT $17,000. SEE BELOW.*" Insuror's file for 1985 did not reflect that the letter was returned. Also, if a sole proprietor elected coverage, an endorsement would be attached to the policy. Insuror's files for 1985 to 1991 did not indicate that such an endorsement was attached to the policy for the Company. The evidence also reflected that the Company and Decedent never paid the premium for sole proprietor coverage. Thus, even assuming the depositions of Minion and Shaw were improperly admitted, the evidence established that Decedent did not intend the policy to cover him as a worker. Claimant failed to produce any evidence controverting these facts. Instead, she relied solely on the language of the policy, which we have concluded did not reasonably bear the interpretation she places upon it.

■■■ Claimant also points to the fact that Decedent, at the time of his death, was engaged in a category of work that the policy covered and for which premiums had been paid. However, this contention ignores the facts that Decedent himself was not covered by the policy as a worker and that the policy covered only workers of the Company, irrespective of the work category. Thus, the fact that Decedent was engaged in a category of work that was covered by the policy if performed by one of the Company's employees would not compel a determination that he was covered as a worker. *Cf. Cueto v. Stahmann Farms, Inc.,* 94 N.M. 223, 225, 608 P.2d 535, 537 (Ct.App.1980) (agricultural worker who was exempt from application of the Act under NMSA 1978, Section 52–1–6(A) (Supp.1979), was not brought within scope of the Act simply because he was injured while doing a task other than farm labor; exempt status of worker is judged from the general character of his work). We thus hold that the judge properly granted summary judgment on this issue.

CONCLUSION

We hold that the filing of certificates of workers' compensation insurance indicating that Decedent had purchased insurance for employees of the Company did not constitute

an election by Decedent, as a sole proprietor, to also be deemed a worker under the Act. We also hold that the insurance policy purchased by Defendant did not insure him as an employee of the Company. Finally, we determine that the evidence of Decedent's statements made in connection with his purchase of the policy were properly admitted and considered. We thus affirm the judge's order granting summary judgment to the Company and Insuror and denying Claimant's motion for summary judgment.

IT IS SO ORDERED.

ALARID and HARTZ, JJ., concur.